**ALBERT L. HENTHORN and DOROTHY J. HENTHORN,**
**Plaintiffs**

**v.**

**HARVEY A. TAYLOR and ALICE I. TAYLOR, Defendants**

## Civil No. 298-1967

### Municipal Court of the Virgin Islands

Dist. of St. Thomas and St. John

## August 1, 1967

MAAS, IRELAND & BRUNO, Charlotte Amalie, St. Thomas, Virgin Islands (THOMAS D. IRELAND, ESQ., of counsel), *for plaintiffs*

JAMES A. RICHARDS, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendants*

HOFFMAN, *Municipal Judge*

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER[1]

This is an action for eviction brought by Albert and Dorothy Henthorn against Harvey and Alice Taylor, as tenants at a dwelling located at No. 2-AA Estate Bone Resolution, No. 5 Little Northside Quarter, St. Thomas, Virgin Islands.

---

[1] For memorandum opinion after resubmission of this case, see p. 231, this volume.

The defendants on July 24, 1967 moved to dismiss the complaint, charging that no notice to quit had been served on them in accordance with 28 V.I.C. § 843, and that there was no statement of the amount of rent due and for what period it was due. The Court reserved decision on the motion and the parties went to trial on that date.

Plaintiffs were represented by Maas, Ireland & Bruno (Thomas D. Ireland, Esq., of counsel). Defendants were represented by James A. Richards, Esq.

Memoranda of law have been submitted by counsel for both parties, and the Court, having reviewed the testimony and examined the authorities, makes the following:

### FINDINGS OF FACT

1. Plaintiffs are the owners of the premises which defendants have been occupying since 1965.

2. Defendants have been paying a monthly rental of $240 for the use and occupancy of the premises, although no such sums have been paid since January, 1967.

3. No written notice to quit was served on defendants prior to the commencement of this action.

4. Plaintiffs have, on three occasions, orally requested that defendants surrender the premises.

### CONCLUSIONS OF LAW

1. The relationship of landlord and tenant exists between the parties.

2. The tenancy is from month to month.

3. 28 V.I.C. §§ 831 to 846, relied upon by defendants, is inapplicable to the present controversy by virtue of the decision in Kress v. Downing, 4 V.I. 261, 274 (D.C.V.I. 1961).

4. 28 V.I.C. § 789, relied upon by plaintiffs, is not applicable by virtue of subsection (c) thereof. Plaintiffs' distinctions between notice to quit and demand for possession are, therefore, not well taken.

5. 28 V.I.C. § 752 is inapplicable as the tenancy here involved is one from month to month.

■ 6. A tenancy from month to month can be terminated only upon proper one month's notice. 32 Am. Jur. Landlord and Tenant, §§ 74, 996; which notice must be in writing, 28 V.I.C. § 790.

### ORDER

The Motion of defendants to dismiss for lack of jurisdiction is HEREBY GRANTED; each party to bear their own costs and fees.