**MARGARET CREQUE, d/b/a COMMUNITY MOTORS,
et al., Plaintiffs**

**v.**

**THE GOVERNMENT OF THE VIRGIN ISLANDS, et al.,
Defendants**

Civil No. 573-1972

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 9, 1973

JAMES L. HYMES, III, ESQ., of counsel (GRUNERT, STOUT, HYMES and MAYER), Charlotte Amalie, St. Thomas, V.I., *for plaintiffs*

HENRY L. FEUERZEIG, Assistant Attorney General of the Virgin Islands for the Government of the Virgin Islands, *for defendants*

Roger L. Campbell, Esq., of counsel (Loud and Campbell, Esqs.), *for defendant Ramsey Motors*

YOUNG, *Judge*

MEMORANDUM OPINION AND ORDER

This matter was heard on the application of plaintiffs for preliminary and permanent injunctive relief and declaratory judgment. Plaintiffs are seeking to challenge the procedures employed by the Government of the Virgin Islands in awarding contracts on an open market, non-bidding basis, to Ramsey Motors, Inc. for the purchase of a total of twenty-one trucks and other units of heavy equipment to be used for road maintenance and garbage removal. Nine units of the purchases are "refuse bodies"; the remaining units are various forms of machinery to be used by the Department of Public Works in their highway maintenance program. Plaintiffs ultimately pray for permanent injunctive relief.

The contracts in question were entered into during the months of August, September and October, 1972. The requisitions were dated between October 6 and 10, 1972.

Plaintiffs challenge the award of such contracts on the grounds that the Government failed to comply with the statutory requisites for making open market purchases. I have reviewed the facts surrounding the purchase of the trucks to be used in the highway maintenance program. Those purchases were made pursuant to the Emergency Road Proclamation dated January 15, 1970. While there is some question as to the sufficiency of the facts to support a continuing declaration of emergency, I find that those purchases were made in compliance with the requisites of 31 V.I.C. § 239(a)(1). Therefore, this decision will deal solely with the issues raised concerning the contracts let for the purchase of the garbage trucks (refuse bodies).

341

# I

Plaintiffs' standing to bring this action is in dispute. Plaintiffs are dealers in trucks and other motor vehicles. It would thus appear and, perhaps correctly so, that they are disgruntled unsuccessful competitors of defendant Ramsey Motors, Inc. from whom the Government ordered the twenty-one trucks in question. Hence, the question comes to the fore whether plaintiffs should be in a position to protect the Government's weal and vindicate the public interest or should standing be denied to them because of their personal interests. The Circuit Court of Appeals for the District of Columbia in granting standing to an unsuccessful bidder who challenged the legality of the procedures followed in awarding an FAA contract has, I believe, observed correctly that:

When Congress has laid down guidelines to be followed in carrying out its mandate in a specific area, there should be some procedure whereby those who are injured by the arbitrary or capricious action of a governmental agency or official in ignoring those procedures can vindicate their very real interests, while at the same time furthering the public interest. These are the people who will really have the incentive to bring suit against illegal government action. . . .

Scanwell Laboratories, Inc. v. Shaffer, 424 F.2d 859, 864 (D.C. Cir. 1970). As of this date our Circuit has no case on point but the trend in the cases indicates that when there are allegations of illegality of conduct on the part of a governmental department, those allegations are sufficient to confer standing. Gould, Inc. v. Chafee, 450 F.2d 667 (D.C. Cir. 1971). While there is no right in plaintiffs to have the contracts awarded to them, the theory which buttresses their claim to standing is the overriding public interest in having the government follow the statutory procedures which have been established by the Legisla-

ture for purchasing and procurement. That interest can be properly vindicated only if parties who suffer apparent injury as a product of illegal contracting are permitted to bring suit in the public interest. Plaintiffs have also been given leave of court to amend their complaint so as to make the suit take the form of a taxpayers' action. In view of my ruling here that fact has less import than had originally been thought. Therefore where, as here, the plaintiffs have made a prima facie showing of illegal contracting procedure, which has resulted from non-compliance with the provisions of the statute, the parties are entitled to be heard. I hold that plaintiffs are the proper parties to request an adjudication of this particular issue and as such they have standing. This Court has jurisdiction to hear this suit under 5 V.I.C. § 1261, et seq., and 4 V.I.C. § 74(4).[1]

## II

As noted above this is an action for a preliminary injunction involving issues of public import. The standards for deciding such cases in this Circuit were established in Penn Central Transportation Co. v. New York, 457 F.2d 381 (3rd Cir. 1972). Those standards are (1) do plaintiffs make a strong showing that they are likely to prevail on the merits? (2) Do plaintiffs show that without such relief they will be irreparably injured? (3) Would the granting of a preliminary injunction substantially harm other parties interested in the proceedings? (4) Where lies the public interest? Croskey Street Concerned Citizens v. Romney, 459 F.2d 109, 112 (3rd Cir. 1972) (Aldisert, J., concurring).

---

[1] Without making a determination at this time the Court may also take jurisdiction on the theory that this is a writ of review though such was not plead. 4 V.I.C. § 74(6); 5 V.I.C., App. V., R. 11. Moreover, though I need not decide it here, standing may also be conferred on the parties by virtue of their person aggrieved status under Rule 11.

■ I find that with regard to the contracts let for the purchase of the garbage trucks, plaintiffs here have made a strong showing that they are likely to prevail on the issues they raise. The statute which controls the resort to open market purchases in lieu of following the normal bid procedures required by 31 V.I.C. § 236 provides that such purchases may be made if (1) the Governor by proclamation declares that a state of emergency exists or (2) if a public exigency of sudden, unexpected, and unforeseen origin demands immediate action. Under the second alternative for action all requisitions issued must be "clearly stamped 'Public Exigency.'" 31 V.I.C. § 239(a) (1) and (2). A declaration of public emergency by the Governor does not exist with regard to the purchase of garbage trucks. Nevertheless, the requisitions were approved by the Governor under the authority of section 239 (a) (1). An affidavit from Commissioner Holder has been entered into the record which indicates that approval under that section was an inadvertent administrative error. Be that as it may, the purchase of the garbage trucks in the absence of such an emergency declaration could only be made under the provisions of section 239(a) (2). Under that section it is mandatory that the words "Public Emergency" be stamped on the requisition. Needless to say, the requisitions in question were not stamped as required by law. Without specifically holding so, it has been suggested that "on this ground alone the contract would fail to pass muster. . . ." West Indies Transport Company, Inc. v. Harding, Civil No. 136/1972, Division of St. Thomas & St. John (Opinion filed May 18, 1972, Christian, C.J.).

■ Moreover, while a determination to resort to the open market purchase procedures of Title 31 appears to be a matter of discretion which must be based on a statutorily required finding of a sudden, unexpected and un-

foreseen occurrence, happening or condition, no such finding has been made. Again the Government has failed to comply with the statutory requirements. The Government argues that such determinations are not reviewable. I reject that view. I read with approbation Chief Judge Christian's ruling that findings of public exigency are reviewable. West Indies Transport Company, Inc. v. Harding, supra. Indeed courts in other jurisdictions have made similar observations.

> [I]t is incontestable that many areas of government contracting are properly left to administrative discretion; the courts will not invade the domain of this discretion, but neither can the agency be allowed to exceed the legal perimeters thereof. Contracting officials can exercise discretion upon a broad range of issues confronting them; they may not, however, opt to act illegally. When the bounds of discretion give way to the stricter boundaries of the law, administrative discretion gives way to judicial review.

Scanwell Laboratories, Inc. v. Shaffer, supra, at 874. Authority in our own case law also suggests that this Court has the power to review findings of public emergency. See Kress, Dunlap & Lane, Ltd. v. Downing, 4 V.I. 227, 235, 286 F.2d 212 (3rd Cir. 1960); on remand, Kress, Dunlap & Lane, Ltd. v. Downing, 4 V.I. 261, 271, 193 F.Supp. 874 (1961).

■ The statute controlling procedures for open market purchases is the law. Failure to comply with those provisions is fatal, for an aura of illegality permeates the transactions entered into in the absence of strict adherence to the guidelines established by the Legislature. The Government argues that to so hold would signal the triumph of form over substance. I disagree.[2] The public interest

---

[2] The regulations promulgated under section 239 by the Commissioner of Property and Procurement includes the following directive for open market purchases which are not in excess of $500.00.
  It shall be the duty of the Purchase Division to carefully analyze all such transactions to insure that this consideration is not misused, with

in having the Government conduct its business affairs with propriety and in compliance with the law is so great that I can ill afford to accept that argument as a rationale for decision, be it legal or equitable. The Government may not contract illegally and then attempt to shield its errors under the guise of discretionary action. Emphasis on that rationale is misplaced. The Government was given warning in West Indies Transport that haphazard, after-the-fact procurement practices would not be countenanced.

Standing, as plaintiffs do, as representatives of the public interests, I find that were these contracts for the acquisition of the garbage trucks to go forward, irreparable injury would be incurred. Moreover, while other parties interested in this suit may incur some form of injury, such injury is not substantial enough to forestall the issuance of the preliminary injunction.

As for the public interest, I take notice that the problems of garbage collection in these islands is acute. Yet, I am not convinced at this time that this situation is borne of a "sudden, unexpected and unforeseen occurrence," the finding required under the law. However, I will reserve judgment on that facet of the question until a hearing is held to determine whether a permanent injunction shall issue. At that time the Court will be able to more fully explore the basis for the Department of Procurement's actions in this matter. The critical, overriding public interest factor here is that government purchases ought not to be made at the capricious whim and fancy of any governmental officer. Likewise, government procurement officials are not to conduct the Government's business af-

particular emphasis on issuing direct orders for items of a competitive nature, although the cost may not exceed $500.00.

While the regulations do not appear to require it, it would seem to me that that same standard of care and scrutiny should accompany transactions which involve open market purchases which entail the outlay of many thousands of dollars. The potential for abuse is the same.

fairs with the cavalier disregard of the law that has, in the past, been the all too frequent practice.

The preliminary injunction will issue and the Government's motion to dismiss will be denied, but only as to the purchases of the garbage collection trucks. The transaction relating to the road maintenance equipment shall be declared valid.

### ORDER

For the reasons set forth in the above Memorandum Opinion, it is hereby ORDERED

1. That the purchase contracts described in the complaint and amended complaint and reproduced as Plaintiffs' Exhibit "C" attached to the amended complaint, insofar as they authorize road maintenance trucks and other heavy equipment (and not garbage collection trucks), be and the same are hereby declared valid and binding upon the parties to the contracts.

2. That the motion for a preliminary injunction to enjoin completion of the contracts described in the complaint and amended complaint as such contracts pertain to the general road maintenance trucks and heavy equipment, be and the same is hereby denied.

3. That the defendants, the Government of the Virgin Islands and Ramsey Motors, Inc., are hereby preliminarily enjoined from completing the contracts described in the complaint and amended complaint as such contracts pertain to garbage collection trucks.

4. That a hearing is hereby set to be held in the St. Thomas and St. John Division of this Court in Charlotte Amalie, St. Thomas on March 2, 1973 at 9:00 A.M. for the purpose of making a declaration as to the validity of the purchase agreements pertaining to the garbage trucks and as to the continuance of the preliminary injunction granted hereinabove as a permanent injunction.