**ST. CROIX TAXI ASSOCIATION, An Unincorporated Association, and VALDEMAR HANSEN, Individually, and as President Thereof, Plaintiffs**

v.

**VIRGIN ISLANDS PORT AUTHORITY, Defendant**

Civil No. 203-1980

Territorial Court of the Virgin Islands

Div. of Christiansted at St. Croix

May 30, 1980

RUSSELL B. JOHNSON, Christiansted, St. Croix, V.I., *for plaintiffs*

PATRICIA M. FITCH, ESQ., Charlotte Amalie, St. Thomas, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

St. Croix Taxi Association, an unincorporated association (hereinafter "Association") and Valdemar Hansen, individually and as president of Association (hereinafter "Hansen"), as plaintiffs, seek to enjoin defendant Virgin Islands Port Authority (hereinafter "Authority") from terminating a taxi concession franchise and a leasehold covering a parking concession on the Alexander Hamilton Airport grounds. Although a temporary restraining Order was granted, preliminary and permanent injunctive relief will be denied and the complaint dismissed.

The Authority has the responsibility of operating and maintaining public airport and marine facilities in the Virgin Islands, including the Alexander Hamilton Airport. For many years last past, Association has held the exclusive franchise to operate a taxi concession serving incoming air travellers at the Airport. Association has also held, for several years last past, a leasehold on a portion of the Airport grounds, for the purpose of operation of an automobile parking lot. The franchise and leasehold derive from a written lease entered into by Association and the Authority on or about September 30, 1976 and continuing through June 30, 1979. Although the lease itself has expired, Article XVI thereof, entitled "Holdover," provides for continued month to month occupancy conditioned, however, on the duty of Association to vacate upon receipt of a thirty (30) day notice to quit.

In or about November 1979, the Authority solicited separate bids for the acquisition of the rights to conduct the taxi concession and the parking concession and provided Bid Forms to prospective offerors. The Bid Forms stated that the bids were "subject to the approval of the Governing Board of the Virgin Islands Port Authority, the Governor of the Virgin Islands and the Virgin Islands

Legislature". Association submitted a bid on the taxi concession but failed to submit a bid on the parking concession. After opening and evaluating the bids submitted, the Authority awarded both contracts to Gardine and Associates. Thereafter, on February 28, 1980, the Authority verbally directed Association to vacate the Airport premises and cease operation thereon by the close of the business day on February 29, 1980.

On February 29, 1980, the plaintiffs brought suit against the Authority seeking an Order "enjoining the defendant from ordering plaintiffs from the Alexander Hamilton Airport." On the same day, the plaintiffs moved for a Temporary Restraining Order under Rule 65 Fed. R. Civ. P. A Temporary Restraining Order was issued on March 4th on the grounds that: (1) the Authority's one day verbal notice to vacate was adequate to terminate neither the leasehold of the parking lot nor the franchise for the taxi concession since the thirty (30) day written notice to quit requirement of the lease was apparently intended to apply to both of these interests; and (2) irreparable damage would be suffered by the plaintiffs if they were required to vacate. By consent of the parties, the Temporary Restraining Order was extended until March 30, 1980.

Now before the Court is the action for permanent injunctive relief. Evidence adduced at the final hearing held on March 27th, establishes that a second notice to vacate the airport premises, in conformity with the notice requirements of the lease, was given to Association on March 1st requiring Association to vacate on March 30th. The new notice which took effect on the expiration date of the Temporary Restraining Order thus renders any question concerning defects in the first notice moot.

Preliminarily, the Authority asserts that the plaintiffs, as unsuccessful bidders, lack standing to challenge the award of the taxi concession and that since they did not bid on the parking concession, the plaintiffs lack standing to have the award of it set aside.

■ Two United States Supreme Court opinions, Association of Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, L.Ed.2d 184 (1970) and Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970), establish a two-prong test for determining standing to challenge action of a governmental agency. First, the plaintiff must allege injury in fact and, second, the interest sought to be protected by the plaintiff must be within the "zone of interests" protected by the statute or regulation upon which he relies.

The Court of Appeals for the Third Circuit applied these tests to the issue of standing in a disappointed bidder action in Merriam v. Jurzig, 476 F.2d 1233 (3d Cir. 1973), cert. denied sub nom. Gateway Center Corp. v. Merriam, 414 U.S. 911, 94 S.Ct. 233, 38 L.Ed.2d 149 (1973). In that case the plaintiff, as an unsuccessful bidder and as a landlord about to lose its government tenant, sought to have the award of a contract to furnish leasehold office space to the General Services Administration set aside. The district court dismissed the complaint on the defendant's motion for summary judgment based on lack of standing but the Court of Appeals found sufficient injury in fact to the unsuccessful bidder owing to costs in preparing and submitting its bid as well as the loss of present and future profits arising out of the unsecured government contract. The zone of interest was found in the procurement statute, 41 U.S.C. § 253. The statute which provides for "full and free competition" among bidders was construed to protect not only the Government's interests in securing advantageous contracts, but also the interests of those responding to the Government's invitation for bids. The Court therefore held that the plaintiff had standing to assert his allegations of bidding impropriety both as a private plaintiff and as a private attorney general vindicating the public injury.

██ Plaintiffs herein brought suit as unsuccessful bidders and as concessionaires about to lose the privileges enjoyed by them, to enjoin enforcement of the taxi franchise awarded to Gardine and Associates. Having shown the loss of future potentially profitable relationship with the Authority, they satisfy the injury in fact test for standing. They also satisfy the nonconstitutional "zone of interest" test. The solicitation of bidding was governed by 29 V.I.C. § 572 which requires that all contracts for services made by the Authority "be made after advertisement for bids sufficiently in advance of opening bids for the Authority to secure appropriate notice and opportunity for competition." In its language and import, this statute evinces a clear legislative intent to invite full and free competition and therefore protects bidders. The plaintiffs, as bidders, fall within the zone of interests it protects.

██ The plaintiffs, however, did not submit a bid on the parking concession. They challenge its award to Gardine and Associates solely as concessionaires about to lose privileges enjoyed by them. At the time they brought this action, however, the contract under which they held the parking concession had expired and they were operating the concession on a hold-over basis. Setting aside the

award to Gardine and Associates would not entitle them to continued operation of the concession. Accordingly, I find awarding the parking franchise to Gardine and Associates did not result in the loss of a present profitable relationship with the Authority sufficient to satisfy the injury in fact criterion for standing. However, assuming for the moment that the Association has shown sufficient injury in fact, since they did not submit a bid for the parking concession, they do not fall within the "zone of interest" protected by the competitive bidding statute and thus cannot satisfy the second criterion for standing. Therefore, this decision will deal solely with the issues raised concerning the taxi concession franchise.

■■ In their complaint the plaintiffs assert that the taxi franchise granted to Gardine and Associates is not final since "[t]he action of the defendant in accepting the bid . . . has not been ratified by the legislature and Governor of the Virgin Islands as is required by 29 Virgin Islands Code, Section 543, and by the proposal prepared by the defendant . . ."

29 V.I.C. § 543(6) in pertinent part provides:

> In no case shall the Authority have the power to sell, lease, assign, mortgage, pledge or otherwise dispose of or encumber any real property without the approval of the Legislature . . . and the Governor.

The plaintiffs argue that the right to operate a taxicab concession is an encumbrance of real property within the meaning of the statute. I disagree. The right is in the nature of a franchise. Many cases announce the rule that a franchise is not real property though the property used in its exercise may be real estate. Versailles Transportation Authority v. McKeesport, 90 A.2d 681 (Pa. Super. 1952); Wilmington v. Delaware Coach Co., 230 A.2d 762 (Del. Ch. 1967).

■ There is therefore no statutory requirement that the award of the taxi franchise be approved by the Virgin Islands Governor and Legislature. The question remains whether the Authority's insertion in its Bid Form of a clause stating that acceptance of bids is subject to the approval of the legislature and governor can affect the validity of an award made without such approval. Analogous is the factual situation considered by the District Court in Rental Equipment Co., Inc. v. Meridian Engineering Co., Inc., 10 V.I. § 421 (1974). In that case the Government extended an invitation to bid regarding road resurfacing work. Through clerical error, the advertisement stated that the Preferred Bidders Act, 3 V.I.C. § 236,

which establishes limited preferences for certain categories of bidders on government contracts, would not apply. The Government, however, applied the Act and awarded the contract to the Meridian Corporation which qualified as a preferred bidder rather than to the plaintiff corporation which had submitted the lowest bid but did not qualify as a preferred bidder. After holding that the provisions of the mandatory preferred bidders statute could not be waived by the contracting authority, the court went on to consider whether the invitation to bid could create any rights in the plaintiff. It concluded that statements in the invitation could not confer upon the plaintiff the right to interfere with contracts lawfully entered into by the Government. It reasoned that a contrary rule creating contract rights in potential bidders, even though they may have been innocently misled by a bid advertisement, "would lead to great injustice and uncertainty in the law of government contracts."

In the present case the clause was not inserted by the offeror for the purpose of designating who could accept the offer or prescribing the manner of acceptance. Instead, it was inserted by the offeree on its standardized form apparently for the purpose of disclosing facts affecting its decision. As such it was merely surplusage and can have no effect on the formation of the contract.

■ ■ Neither does an estoppel against the Authority arise out of the contract. The doctrine of equitable estoppel states that one who is guilty of a misrepresentation of existing fact upon which another reasonably relies to his detriment is estopped from denying his statements. 1. Williston § 139. Since the Association has not shown that it relied on the statement to its detriment, the Authority's statement is not binding.

Lastly, plaintiffs claim that award of the contract to Gardine and Associates was arbitrary and capricious solely because Douglas Gardine, a principal of Gardine and Associates, had been a stockholder and president of Paradise Enterprises, Inc., a travel promotion and tour business corporation which had been declared bankrupt in or about November, 1975.

■ ■ Public boards and officials are vested with wide discretion when choosing between bidders. Their discretion is particularly broad where, as here, the controlling statute does not limit discretion by requiring that the contract be let to the "lowest bidder," the "lowest responsible bidder," etc. 64 Am.Jur.2d Public Works and Contracts § 68.

The bankruptcy of Paradise Enterprises, Inc., does not prove the financial irresponsibility of Gardine and Associates. Moreover, financial responsibility, though important, is but one of many factors to be considered when choosing between bidders. The burden rested on the plaintiffs to show that the Authority failed to consider the relevant information awarded the contract on an irrational basis. Id. The absence of such proof requires a finding that the actions of the Authority were not arbitrary and capricious.