**W. F. McCOMB ENGINEERING, P.C., Plaintiff**

v.

**HERMAN E. RICHARDSON, Commissioner of the Department of Property & Procurement of the Government of the Virgin Islands, and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**
**De JONGH & ASSOCIATES, Intervenor**

Civil No. 1986/65

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 25, 1986

ANDREW L. CAPDEVILLE, ESQ., St. Thomas, V.I., *for plaintiff*

EDWARD A. WASCOE, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendants*

HENRY C. SMOCK, ESQ. (GRUNERT, STOUT & SMOCK), St. Thomas, V.I., *for intervenor*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

The issue before us is whether a disappointed bidder has standing to challenge the award of this government contract. We hold that under the circumstances of this case it does.

## I. FACTS

In August 1984, the defendant Government of the Virgin Islands issued a request for proposals for the construction of a sewage treatment plant pursuant to the territory's procurement law. 31 V.I.C. § 231 (1985 Supp.) et seq. The project is to be funded entirely by the federal government pursuant to the Fresh Water Pollution Control Act ("FWPCA"). 33 U.S.C. § 1365.

The contract was awarded in February 1985 to de Jongh & Associates, a St. Thomas contractor and intervenor here. The plaintiff, W. F. McComb Engineering, P.C., is one of six organizations that bid unsuccessfully on the project. McComb brought this action to challenge the Government's procedures in awarding this contract. McComb's first hurdle, however, is to establish that it has standing as a disappointed bidder to assert this claim. The issue is squarely before us on the cross-motions for summary judgment of McComb and de Jongh.

## II. DISCUSSION

■ De Jongh contends that McComb has standing only if it establishes that the FWPCA grants a cause of action to disappointed bidders. If this were the extent of our inquiry we would be inclined to dismiss McComb's action. Sovereign Construction Co., Ltd. v. City of Philadelphia, 439 F. Supp. 692, 695–96 (E.D. Pa. 1977) aff'd 582 F.2d 1276 (3d Cir. 1978). See CCTW & M v. United States Environment Protection Agency, 452 F. Supp. 69, 75–76 n.15 (D.N.J. 1978); State of Michigan v. City of Allen Park, 501 F. Supp. 1007, 1013–14 (D. Mich. 1980).

■ We find, however, that this issue must be analyzed under Virgin Islands law. The dispute does not arise from an action by a federal agency. Rather the defendant and contracting party in this action is the Government of the Virgin Islands. The subject matter of the procurement contract was a local project—a facility to be owned, operated and maintained by local authorities. The role of the federal government, and therefore the FWPCA and its interpreting regulations, stems solely from its funding of the project. This alone is not enough to convert a local procurement contract into one controlled by federal law. Accord Sovereign, supra. Thus, the contract at issue is a local, and not a federal, one. Id.

In reaching this conclusion we rely on Sovereign Construction Co. v. City of Philadelphia, supra, where the court chose to analyze the standing issue arising under a sewage plant contract pursuant to the law of Pennsylvania under which the contract was bid. In rejecting the applicability of the FWPCA on the basis of federal funding, the Court stated:

> Although contracts funded by the federal government under Title II of the Amendments are not traditional contracts, I am not persuaded that the injection of federal dollars into a contract between a city and the low bidder requires all issues of procurement law that arise out of that contract to be determined by federal law, absent a federal statute or regulation that expressly or impliedly requires such a result.

Sovereign, supra at 696.

■■ Consequently, the question of McComb's standing must be answered under local law and the established rule of this district is that a disappointed bidder may challenge the government action that resulted in the rejection of its bid. E.g., General Engineering Corp. v. V.I. Water and Power Authority, 1985 St. X. Supp. — (D.V.I. October 28, 1985); St. Croix Taxi Association v. V.I. Water and Power Authority, 17 V.I. 80, 83 (D.V.I. 1980); Creque v. Government of the Virgin Islands, 9 V.I. 339, 342–43 (D.V.I. 1973). McComb must still meet the traditional standing requirements by "alleg[ing] [an] injury in fact and [that] the interest sought to be protected by the plaintiff [is] within the 'zone of interests' protected by the statute . . . upon which [the claim is based]." General Engineering, supra, at 34 quoting St. Croix Taxi Association, supra at 83. See Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 152–53 (1970).

■ The requisite injury may be "economic or otherwise." Data Processing, supra at 152. The expense of preparing a bid or subbid alone satisfies this prong of the standing test. E.g., Merriman v. Kunzig, 476 F.2d 1233, 1241 (3d Cir.), cert. denied, 414 U.S. 911 (1973); CCTW & M, supra at 75. Taken together with McComb's loss of potential profits, we find that a sufficient injury has been alleged. It is also clear that the bidding procedure is regulated by the FWPCA and that a claim of wrongdoing in the selection of bidders falls squarely within the Act's zone of interest. As the CCTW & M court found in granting the plaintiff standing under the Administrative Procedure Act:

> While it is obvious that the main interest sought to be protected is that of the public, the [FWPCA], and particularly the regulations promulgated thereunder, clearly seek to protect the integrity of the bidding process. . . . Thus we conclude that a bidder on a FWCPA [sic] contract is arguably within the zone of interests sought to be protected by the FWCPA [sic].

CCTW & M, supra at 75 (citations and footnotes omitted). We conclude, therefore, that McComb has standing to contest the selection process employed by the Government on this project. Underlying this holding is our recognition of the public policy of promoting the integrity of the competitive bidding process, and ensuring the efficient spending of government money. See General Engineering, supra; Creque, supra at 342–43.

We note further, however, that the plaintiff faces significant barriers to achieving the injunctive relief it requests. We would be hesitant, indeed, to rescind a government construction contract under which one year of performance has apparently been rendered. The viability of a claim for damages also appears questionable. We know of no case in which a suit challenging the competitive bidding process resulted in money damages. Consistent with this opinion, however, the plaintiff will have its chance to win the relief it seeks.

### III. CONCLUSION

A disappointed bidder has standing to challenge the award of a government contract provided it alleges an injury in fact and that the interest sought to be protected is within the applicable statute's zone of interests.

### SUMMARY JUDGMENT

THIS MATTER is before the Court on the cross-motions of the parties for summary judgment. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED and DECREED:

THAT the motion of the plaintiff for summary judgment be, and the same is hereby GRANTED, and further,

THAT the motion of defendant de Jongh & Associates be, and the same is hereby DENIED.