**ARI CORPORATION, Plaintiff**

v.

**RICHARD LOCKHART d/b/a/ TOUCH OF ELEGANCE,
Defendant**

Civil No. 1086/1986

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

October 1, 1986

DEBORAH BUTLER, ESQ., St. Thomas, V.I., *for plaintiff*

KEVIN RAMES, ESQ., St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Presently before the court is the Motion of plaintiff requesting a Temporary Restraining Order or, in the alternative, a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. For the reasons which follow, the motion is denied.

In April of 1986, the plaintiff and defendant entered into a month-to-month lease agreement. The subject of the lease was the basement of a single story structure located at #17 Church Street, Christiansted, St. Croix. Sometime around August 19, or 20, 1986, plaintiff gave written notice to the defendant of its intention to terminate the lease effective September 30, 1986, thus giving defendant the required (30) thirty days notice. 28 V.I.C. §§ 752, 790; see Henthorn v. Taylor, 6 V.I. 117 (Mun. Ct., St. T. & St. J. 1967).

In the meantime, plaintiff began negotiations with Pizza Hut Company to lease the entire premises at #17 Church Street, including the basement occupied by the defendant. In an attempt to remain in possession of the basement of the building, the defendant sought a sublease agreement with a representative of Pizza Hut Company, if and when Pizza Hut Company became plaintiff's primary tenant. Plaintiff alleges that defendant's conduct has interfered with its attempt to secure Pizza Hut Company as a tenant. The plaintiff now seeks to have defendant enjoined from interfering with its contractual relationship with Pizza Hut Company.

 We begin our analysis by noting that the grant or denial of a Temporary Restraining Order lies within the sound discretion of the trial court. Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1242 (3d Cir. 1983), cert. dismissed, 464 U.S. 1033, 104 S.Ct. 690 (1984). A basic requisite of this equitable remedy is that there be no adequate remedy at law. O'Shea v. Littleton, 414 U.S. 488, 502 (1974). Plaintiff has the burden of showing that without the Temporary Restraining Order, irreparable harm will occur. Creque v. Government of the Virgin Islands, 354 F. Supp. 849 (D.V.I. 1973). Once it has been determined that plaintiff has an adequate remedy at law, an essential element for granting the injunction, that there be irreparable harm, is unlikely to exist. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 2951.

■ We think that plaintiff has failed to satisfy this basic requirement for an issuance of a Temporary Restraining Order. The plaintiff alleges that the defendant is causing it harm by interfering with its on-going negotiations with Pizza Hut Company. Should Pizza Hut Company refuse to enter into an agreement with the plaintiff because of defendant's conduct, plaintiff would have a claim for any loss of rent against defendant. Plaintiff concedes in its Memorandum that the amount of rental lost under any agreement with Pizza Hut Company can be determined. Plaintiff adds, however, that the amount of rental income lost for unknown prospective clients cannot be determined should defendant's conduct continue. We think that this contention is speculative at best. Remote or speculative harm is not sufficient to establish irreparable harm. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 536 F.2d 730, 736 (1976).

■ We must, therefore, deny plaintiff's Motion for a Temporary Restraining Order. The alternative relief requested, that is issuance of a preliminary injunction, must likewise be denied because the prerequisite hearing has not been conducted.

## ORDER

In accordance with the Memorandum Opinion filed on even-date herewith, it is hereby

ORDERED, that plaintiff's Motion for a Temporary Restraining Order shall be DENIED.