**JAZ LIMITED PARTNERSHIP, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS and MARIE BASS, RECORDER OF DEEDS, Defendants**

Civil No. 90-220

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 10, 1990

ARTHUR POMERANTZ, ESQ., St. Thomas, V.I., *for plaintiff*

ROBERT STOCKEL, ESQ., Assistant Attorney General (Virgin Islands Justice Department), St. Thomas, V.I., *for defendants*

WATSON, *Judge*

## MEMORANDUM

This matter is before the Court on motion of plaintiff Jaz Limited partnership ("Jaz") for injunctive relief. Jaz requests a preliminary injunction enjoining defendants Marie Bass (Recorder of Deeds) and the Government of the Virgin Islands ("Government") from recording any documents regarding the taking of the real estate described as Parcel No. 3A-17 Estate St. Peter, No. 2 Little Northside Quarter, St. Thomas, Virgin Islands until the Court has had an opportunity to review the proceedings and determine if the law of the Virgin Islands

has been followed. After full consideration of the matters set forth in the briefs and at the oral argument, the Court concludes that Jaz has failed to carry its burden for injunctive relief and the motion for a Temporary Restraining Order is denied and this matter is consolidated with the action for condemnation.

## FACTS AND PROCEDURE

This action arises out of an action for condemnation. Before Jaz filed this action, the Government filed a condemnation action, Civil No. 1990-209, to take Parcel No. 3A-17 Estate St. Peter which is part of real property owned by Jaz. The initial step in the condemnation action began on July 2, 1987, when the Seventeenth Legislature of the Virgin Islands enacted Bill 17-0087 authorizing the appropriation of $105,000 to the Virgin Islands Public Television System ("WTJX") for the condemnation of Parcel No. 3A-17 Estate St. Peter commonly known as "Mountaintop." WTJX is presently leasing the property from Jaz for an annual rent of $21,000. Jaz has applied to the Virgin Islands Legislature for a zoning change of its Mountaintop properties including Parcel 3A-17. The requested zoning change is from R-1 to a B-3. If the zoning change is approved, it would permit Jaz to further develop the area.

On August 7, 1990, the Government instituted condemnation proceedings against Parcel 3A-17 (Civil No. 1990-209). Jaz filed this action (Civil No. 1990-220) for injunctive relief and damages on August 22, 1990. Accompanying the verified complaint in the action for injunctive relief was a motion for a TRO. On August 28, 1990, Judge Benjamin F. Gibson held a hearing on whether to issue a Temporary Restraining Order ("TRO") in this matter. After considering the arguments of both parties, Judge Gibson decided not to act on the motion for a TRO. Instead Judge Gibson scheduled a hearing on injunctive relief for September 5, 1990. On August 30, 1990 the Legislature postponed acting on the proposed zoning change until the Court resolved this action for injunctive relief.

This matter came before the Court on September 5, 1990 for a full hearing on whether the Court should issue injunctive relief. Both parties presented oral arguments in court. In support of its claim Jaz asserts that: (1) the Government did not comply with V.I. Code Ann. tit. 28 §§ 411–422 (Equity 1976) regarding taking property by eminent domain. Jaz specifically argues that the Government failed to file certification by the head of a governmental agency as to payment

of the ultimate award pursuant to V.I. Code Ann. tit. 28 § 421(5)(d); (2) money damages would not satisfy its claim; (3) the money deposited in the registry of the Court, $84,300, or the Legislature's appropriation, $105,000, is an arbitrary and capricious amount and does not represent just compensation; (4) it will suffer irreparable harm because Barclays Bank has a mortgage on its mountaintop property, which has an acceleration clause, and Barclays may initiate foreclosure proceedings if the property is taken; (5) the Government has acted in bad faith by attempting to derail the rezoning of the property; (6) its reputation will be damaged if Barclays Bank forecloses the mortgage; (7) the Government must show why the taking is necessary since the property is being leased by WTJX; (8) if a preliminary injunction is issued the Government will not suffer harm since it will continue to have use of the property under the lease.

In opposition, the Government asserts that: (1) it has complied with the provisions of V.I. Code Ann. tit. 28 §§ 411–422 and the declaration of the Governor of the Virgin Islands satisfies the particular provisions of § 421; (2) an equitable remedy, such as a preliminary injunction, is not appropriate since an adequate remedy at law (money damages) is available; (3) this action is duplicitous because all of Jaz's claims can be addressed in the condemnation action (Civil No. 1990-209) filed by the Government on August 7, 1990; (4) the $84,300 deposited by the Government for the property, satisfies statutory requirements because the ultimate amount to be paid to Jaz and the valuation of the property will be determined by the Court; (5) the taking is necessary for the construction and maintenance of antennae sites, for the construction and maintenance of related television facilities, and for the expanded uses of moving the entire facility of WTJX to the Mountaintop studios. The issue before the Court is whether Jaz has carried its burden in demonstrating that equitable relief is warranted.

## DISCUSSION

Initially the Court must determine if the Government complied with the statutory provisions in V.I. Code Ann. tit. 28 §§ 411–22 regarding Eminent Domain. Jaz asserts that the Government has failed to comply with the provisions of V.I. Code Ann. tit. 28 § 421. The Government states that the August 3, 1990, declaration of the Governor of the Virgin Islands satisfies § 421. The Court agrees with the Government that the declaration of the Governor satisfies § 421.

The declaration states the authority for the taking (28 V.I.C §§ 411–422), the property (Parcel No. 3A-17 Estate St. Peter, No. 2 Little Northside Quarter, St. Thomas, Virgin Islands), the interest (estate in fee simple), purpose and plan (construction and maintenance of antennae sites, and related television facilities), and an opinion regarding the ultimate award. The Court finds that the declaration dated August 3, 1990 of the Governor of the Virgin Islands satisfies the requirements set out in § 421. Jaz specifically argues that the Government failed to file certification by the head of a governmental agency as to payment of the ultimate award pursuant to V.I. Code Ann. tit. 28 § 421(5)(d).[1] This argument is also without merit since the declaration clearly states that the Government is of the opinion that the ultimate award is within the limits of the appropriation of the Legislature. In the alternative Jaz further asserts that a head of a Government agency has not certified in his opinion that ultimate award probably will be within the limits set by the Legislature. The Court finds that as head of the executive branch of the government, the declaration of the Governor of the Virgin Islands satisfies the requirements of § 421(d)(5). The Governor as the head of the executive branch of government is the ultimate agency head because he oversees all government agencies as the chief executive officer. Jaz's assertion that the Government has failed to satisfy statutory requirements is without merit. Having found that the Government has complied with V.I. Code Ann. tit. 28 §§ 421–22, the Court addresses whether Jaz has carried its burden in demonstrating that injunctive relief is warranted.

■■ The elements a moving party must show for a preliminary injunction are: "a reasonable probability of eventual success in the litigation and the movant will be irreparably injured pendente lite if relief is not granted." West Indies Co., LTD. v. Government of the Virgin Islands, 812 F.2d 134, 135 (3d. Cir. 1987), quoting, Professional Plan Examiners of New Jersey v. Lefante, 750 F.2d 282, 288 (3d Cir. 1984). The burden is on the moving party to make these

---

[1] V.I. Code Ann. tit. 28 § 421(d) states:
    Action under the provisions of this section irrevocably committing the Government of the Virgin Islands to the payment of the ultimate award shall not be taken unless the head of the executive department or agency, bureau or instrumentality empowered by law to acquire the property, certifies that he is of the opinion that the ultimate award probably will be within whatever limits are prescribed by the Legislature of the Virgin Islands in connection with the price to be paid.

requisite showings. Id. at 135. In addition to the above elements, a District Court should consider other elements when relevant. These elements are the possibility of harm to other interested persons from the grant or denial of the injunction, and the public interest. Id. at 135.

■ Although the Court's determination that the Government has complied with the statutory provisions of § 421 significantly diminishes the possibility that Jaz will succeed on the merits of this litigation, the Court considers whether Jaz will suffer irreparable harm if a preliminary injunction is not issued. Jaz claims that irreparable harm will result from the taking because Barclays Bank may foreclose the mortgage on its Mountaintop property. This argument is speculative and does not demonstrate sufficient cause for the issuance of a preliminary injunction. Remote or speculative harm is not sufficient to establish irreparable harm. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 536 F.2d 730, 736 (3d Cir. 1976); see also ARI Corp. v. Lockart, 22 V.I. 116, 117 (Territorial Court of St. Croix 1986). The fact that the taking *may* affect Jaz's relationship with the Bank is not irreparable harm based on the actual taking. Jaz further states that its reputation will be damaged if the Bank exercises the acceleration clause in the mortgage agreement. This argument is also speculative and remote, and insufficient to support the issuance of equitable relief.

■■ Jaz further claims that the amount placed in the registry of the court is not a reasonable amount to compensate it for the loss. Jaz contends that the amount is arbitrary and capricious and does not represent just compensation. A basic requisite for issuing a preliminary injunction is that there is no adequate remedy at law. See O'Shea v. Littleton, 414 U.S. 488, 502 (1974). Once it has been determined that plaintiff has an adequate remedy at law, an essential element for granting the injunction, that there will be irreparable harm, is unlikely to exist. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2951 at 506. The property in question can be appraised at a reasonable market value. Jaz can be awarded the appropriate value of the property after the property has been appraised. Furthermore, the Court determines just compensation in an action for condemnation. V.I. Code Ann. tit. 28 § 422 authorizes the Court to determine the appropriate award. The fact that the Government deposited $84,300 in the Court does not determine or influence the final amount the Court will award. Jaz's claim is premature and inap-

369

propriate in this action. The Court finds that there are adequate remedies at law to compensate Jaz for the loss of its property and any other damages the Court may determine appropriate. The value of the property and the appropriate monetary award is better addressed in Civil No. 1990-209, the action for condemnation.

■ Other arguments asserted by Jaz are: the Government must show that the taking is necessary, the government acted in bad faith, and the government will not be harmed by the issuance of a preliminary injunction since it leases the property. These arguments are better addressed in the condemnation action Civil No. 1990-209. These arguments do not show irreparable harm nor do they show that Jaz is likely to succeed on the merits of this litigation. No evidence supports these arguments. The Government clearly states that the taking is necessary for the construction and maintenance of antennae and to expand the facilities of WTJX.[2] Ownership affords the Government the free hand to plan, design and implement construction projects for the expansion of WTJX. Moreover, the Government has stated that it intends to move the entire WTJX facilities to the mountaintop property. Clearly these representations satisfy the showing of necessity.

## CONCLUSION

■ Jaz has failed to demonstrate that it will suffer irreparable harm if injunctive relief is not granted. Jaz has also failed to demonstrate that there is a reasonable probability that it will succeed on the merits of this litigation. Because Jaz failed to carry its burden, the Court denies the motion for injunctive relief.[3] The Court also determines that all Jaz's rights can be addressed in the action for condemnation (Civil No. 1990-209) and this action is duplicitous and unnecessary. Based on the above findings of fact and conclusions of Law, the Court consolidates this action with the action for condemnation. Finally, it is uncontroverted that the value of the property in question has increased within the last three years. Because the value

---

[2] It follows that after Hurricane Hugo construction and maintenance of WTJX facilities is necessary. Moreover, technology in television transmission and reception has increased in leaps and bounds. To keep pace with expanding technology, it is reasonable to assume that the expansion of WTJX is necessary.

[3] The Court declined to consider the additional elements for injunctive relief since Jaz failed to demonstrate the first two elements.

of the property has increased, the Court increases the Government's required deposit to $200,000. An appropriate order will be entered.

## ORDER

THIS MATTER having come before the Court on motion of plaintiff Jaz Limited Partnership for Injunctive Relief and Damages, and for the reasons stated in the Court's Memorandum of this date;

IT IS on this 10th day of September, 1990 hereby

ORDERED THAT the motion for a Temporary Restraining Order submitted by Jaz Limited Partnership is DENIED, and

THAT this action for Injunctive Relief and Damages is CONSOLIDATED WITH Civil No. 1990-209 (Action for Condemnation) and

THAT the Government of the Virgin Islands shall increase the amount of the deposit in the Court's registry for the condemnation of Parcel No. 3A-17 Estate St. Peter, No. 2 Little Northside Quarter, St. Thomas, Virgin Islands to TWO HUNDRED THOUSAND DOLLARS ($200,000).