**VIRGIN ISLANDS HOUSING AUTHORITY, Plaintiff**

**v.**

**VIOLA EDWARDS and PATRICKSON EDWARDS, Defendants**

Civil No. 857/93

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 13, 1994

DIASE, *Judge*

## (AMENDED) MEMORANDUM OPINION

This case presents the unique issue of whether a specific provision in the Code of Federal Regulations which requires that a Virgin Islands public housing agency provide a fourteen day notice to terminate a periodic, month to month, tenancy for failure to pay rent, preempts Virgin Islands law which requires a thirty day notice of termination. The Court holds as follows: 1) that the fourteen day notice of termination for failure to pay rent that is established by 24 C.F.R. § 966.4(l)(3)(i)(A) applies to the Virgin Islands Housing Authority as it is a public housing agency; 2) that there is a direct conflict between this particular federal regulation and Virgin Islands law, and thus, Virgin Islands law is preempted to a limited extent; 3) that the provision in the Virgin Islands Housing Authority's written, month to month lease with the Defendants, which requires only a fourteen day notice of termination for failure to pay rent, is enforceable; and 4) that the notice to terminate, which was served on the Defendants, is valid.

## FACTS

The plaintiff Virgin Islands Housing Authority (hereinafter "Housing Authority") filed this action for forcible entry and resti-

tution on September 30, 1993, to terminate the Defendants Viola and Patrickson Edwards' (hereinafter the "Edwards") month to month, written lease for apartment number 318 in Building 18, Tutu Highrise Community on St. Thomas, for nonpayment of rent. The unit is a low-income public housing unit. This case came on initially for trial on March 1, 1994, but was continued.

The important facts are not in dispute. The Housing Authority's lease contains a provision which establishes that a fourteen day termination notice must be given to the Edwards upon their failure to pay rent. Specifically, Section 19 of the lease provides as follows: "If we propose to terminate your Lease for failure to pay rent, a fourteen (14) day notice will be given to you . . . If we elect to terminate this Lease (sic) we will do so only in accordance with HUD regulations . . . ." On July 29, 1993, the Housing Authority served the Edwards with a fourteen day notice to terminate their lease for nonpayment of rent and requested that the Edwards vacate the premises.

As of March 22, 1994, when this case ultimately came to trial, the Edwards were still in possession of the unit. At the time the Housing Authority filed this action, the Edwards were allegedly in arrears in rent payments in the amount of NINE HUNDRED AND FIFTEEN DOLLARS ($915.00). However, by the time this action came to trial, the Edwards purportedly owed the Housing Authority ONE THOUSAND FIVE HUNDRED TWENTY FIVE DOLLARS ($1,525.00).[1]

## DISCUSSION

■■■ The law of the Virgin Islands establishes that a month to month lease can only be terminated upon the presentment of a thirty day written notice to terminate. Virgin Islands case law has interpreted 28 V.I.C. §§ 752 and 790 to impose a thirty day termination notice requirement for month to month, periodic tenancies. Henthorn v Taylor, 6 V.I. 117 (St.T & St.J Mun. Ct. 1967); Ari Corp. v. Lockhart, 22 V.I. 116 (T.C. 1986). The Restatement (Second) of Property, Landlord & Tenant, § 1.5 comment (f) (1977) supports the

---

[1] There was a dispute between the Defendants as to who was actually responsible for the payment of rent. Defendant Viola Edwards asserted at trial that her husband Patrickson Edwards was solely responsible and that there was a pending divorce action in the Family Court which involved that issue.

thirty day notice, as it requires that the termination notice be equal to the length of the period of the tenancy, if the tenancy is for less than one year and the property is not leased for farming or grazing.[2] On the contrary, 24 C.F.R. § 966, which governs public housing agencies, provides a mandatory fourteen day termination notice for the nonpayment of rent. Thus, this Court is faced with the issue of determining the validity of the Housing Authority's fourteen day notice to terminate in light of the thirty day notice requirement in the Virgin Islands. The Housing Authority contends that Virgin Islands law has been preempted in this circumstance.

■ The Housing Authority constitutes a "public housing agency" within the meaning of the United States Housing Act of 1937, as amended, and a "local public agency" within the meaning of Title I of the Housing Act of 1949, as amended. 29 V.I.C. § 31(a). Public Housing Agencies (also known as PHAs) are governed by Title 24 of the Code of Federal Regulations. 24 C.F.R. § 966 prescribes the provisions that must be incorporated into leases by public housing agencies for dwelling units assisted under the U.S. Housing Act of 1937. 24 C.F.R. § 966.1. Specifically, 24 C.F.R. § 966.4(l)(3)(i)(A) provides, clearly and unequivocally, that a "PHA *shall* give written notice of lease termination of . . . 14 days in the case of failure to pay rent." (emphasis added).

Concomitantly, this same regulation sets forth other notice requirements, depending on the reason for the termination of the lease. If the health or safety of the residents or the PHA's employees is threatened, the regulation only requires a "reasonable time considering the seriousness of the situation." 24 C.F.R. § 966.4(l)(3)(i)(B). For any other reasons, a thirty day notice is required. 24 C.F.R. § 966.4(l)(3)(i)(C).

Critical to this Court's determination are the provisions of local law which mandate the Housing Authority's full compliance with federal regulations. The Housing Authority "is empowered and authorized to participate in the programs of the Federal Government in the fields of housing for low-income families ..." 29 V.I.C. § 36(a). When participating in such federal housing programs, the Housing Authority is further empowered and authorized "to enter into contracts and agreements of every kind and nature with the

---

[2] The Virgin Islands has adopted the Restatements of the Law in the absence of local laws to the contrary. 1 V.I.C. § 4.

Federal Government for any purposes related to such programs, and shall comply with . . . any Federal rules, requirements, regulations and procedures, applicable to the program." (emphasis added). 29 V.I.C. § 36(b)(1). Of further importance is the directive, under 29 V.I.C. § 36(b)(3), that the Housing Authority act as follows:

> . . . comply fully with any conditions imposed by the Federal Government upon participation by the Authority in such programs, it being the intent of this chapter to enable the Authority to do any and all things necessary to secure participation in the Federal programs, and Federal financial aid in such programs . . . and to assure strict compliance by the Authority with any conditions imposed by the Federal Government.

It, thus, is clear to the Court that the Virgin Islands statutory scheme governing the Housing Authority compels its mandatory compliance with the federal regulations which prescribe the procedures for all public housing agencies.

## PREEMPTION

Federal law may preempt state law in only three ways. First, the U.S. Congress may explicitly occupy a regulatory field. Second, it may completely, although not explicitly, occupy an entire field of regulation, leaving no room for the states to supplement federal law. Or, third, preemption may occur when compliance with both state and federal law is impossible or when state law is an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. Trojan Technologies, Inc. v. Commonwealth of Pa., 916 F.2d 903, 906 (3d Cir. 1990); Kentucky West Va. Gas Co. v. Pa. Public Utility Commission, 837 F.2d 600, 605–606 (3d Cir. 1988). The Third Circuit Court of Appeals has recognized that federal regulations have the same preemptive effect as federal statutes. Pokorny v. Ford Motor Co., 902 F.2d 1116 (3d Cir. 1990). However, there is a presumption against preemption. State law must create an actual conflict with a federal regulatory scheme before it is impliedly preempted. Id. at 1122.

In this Court's opinion, one of the primary reasons for the fourteen day notice to terminate requirement and the other notice requirements imposed by the Code of Federal Regulations on all the public housing agencies is uniformity. Uniformity cannot be

accomplished if public housing agencies in all fifty states, Puerto Rico, and the U. S. Territories observed different and sometimes conflicting, notice requirements of their own respective laws.

Moreover, it is apparent that the underlying justification for the short, fourteen day notice in circumstances that the tenant has not paid rent is that the public housing agency must be allowed to evict such tenants quickly. This is necessary due to the fact that there is a dearth of low-income housing units, particularly in the Virgin Islands, and often a long list of persons who are deserving and eagerly awaiting to occupy those units.

■ The Court finds that a conflict does exist between the federal regulation's mandatory fourteen day notice requirement and the Virgin Islands' thirty day notice requirement. The Housing Authority cannot simultaneously comply with both notice requirements, as they are conflicting and contrary. And, the Housing Authority is obligated to give notice as set forth in the regulation.

## CONCLUSION

Based on the foregoing, it is this Court's opinion that because the federal regulation prescribes a fourteen day notice of termination for nonpayment of rent in month to month leases of public housing agencies, Virgin Islands law, which requires a thirty day notice of termination, is preempted. The notice of termination which was served on the Edwards is, therefore, valid. This opinion, though, is limited to the extent that it only applies to the Housing Authority's management and maintenance of low-income housing units which are regulated and governed, in part, by the contract executed between the Housing Authority and the U.S. Department of Housing and Urban Development (HUD); and to the applicability of the specific regulation in issue.