# GREGSON & ASSOCIATES ARCHITECTS, Plaintiffs
## v.
# GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 76/711

District Court of the Virgin Islands

Div. of St. Croix

February 26, 1981

FRANK PADILLA, ESQ., Frederiksted, St. Croix, V.I., *for plaintiff*

WILLIAM C. MURRAY, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for defendant*

NEWCOMER, *Judge*

## MEMORANDUM OPINION AND JUDGMENT

This case is before the Court to be decided on the trial transcript. The late Honorable Daniel J. Snyder presided over the trial on January 16, 1980, but died before rendering a decision. The attorneys in this case have stipulated that the necessary findings of fact and conclusions of law may be determined on the basis of the trial transcript of January 16, 1980. See Rule 63, Fed. R. Civ. P.; Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 2922 (1973).

The facts of the case as found by this Court are that Wilfred Gregson, an architect, drew up architectural plans for a public high school and physical education facility in anticipation of a contract with the Government of the Virgin Islands. Mr. Gregson had previously drawn up plans for three schools for the Government of the Virgin Islands, and then subsequently submitted a contract and received a signed copy of the contract and payment from the Government. In the situation in question, Mr. Gregson submitted proposed contracts to the Government but never received adequately signed copies of the contract back and never received payment from the Government of the Virgin Islands for his work on these plans.

Plaintiff introduced into evidence a document designated plaintiff's exhibit number one, dated November 26, 1974, and purporting to be a contract for architect-engineer's services for a physical education facility to be built for the Government of the Virgin Islands, was signed by the then Governor of the Virgin Islands, the Commissioner of Education, and was initialled by the Attorney General; but it was not signed by the Commissioner of Property and Procurement.

The only evidence that any document concerning plans for the high school was ever signed by any officer of the Virgin Islands Government was the testimony of former Governor Melvin Evans that he recalled signing a contract for the construction of a gymnasium and a high school, and testimony by Mr. Rohlsen that the Governor on the telephone told him that he, the Governor, had signed such a contract.

The contract price requested by Gregson for his architect's services on the physical education facility was $60,000. The contract price for his services on the high school plans was $120,000.

Testimony by Mr. Gregson reveals that he was aware that he had no contract with the Virgin Islands Government and that he was aware of the implications of this fact. On being asked by the Court,

"What you were doing was taking your chances on getting a signed contract?", Mr. Gregson replied, "That's it." (Tr. p. 38.) On cross examination Mr. Gregson was asked why he agreed to accept a discount on his bill; he replied:

> There wasn't much I could do. The lady said if you don't I am not going to mail the contract, so that means I didn't get paid. Anyway, I didn't get paid so I might have been just as well off to disagree.

(Tr. p. 88.)

There was testimony by the defense witness George Suarez to the effect that the commissioner of education never accepted the plans; and there was no evidence that the Government of the Virgin Islands ever used these plans in constructing any buildings.

██ The plaintiff in this case proceeded on an express contract claim and, as an afterthought, on quantum meruit. The law in the Virgin Islands requires contracts for the construction and repair of school facilities to be approved by the Commissioner of Property and Procurement if such contracts exceed $40,000. 3 V.I.C. § 96(d) provides:

> (d) The Department shall purchase or contract for all supplies, materials, equipment and contractual services, in the manner provided for by subsection (c) of this section for the construction or acquisition of new school buildings and school facilities or for the addition, improvement and/or repairs to existing school and school facilities; Provided, that the aggregate amount involved under the terms of such purchase or contract does not exceed $40,000. If such amount exceeds $40,000, the procurement thereof shall be subject to the provisions of chapter 23 of Title 31 of this code under the jurisdiction of the Commissioner of Property and Procurement.

Chapter 23, Title 31 § 232 provides that:

> The Commissioner of Property and Procurement shall—
> (1) purchase or contract for all supplies, materials, equipment and contractual services, in the manner described in this chapter, required by any and all departments, offices, boards, institutions, and other agencies of the Government of the Virgin Islands, except the Legislature and the Municipal Court;

Chapter 23, Title 31 § 245 authorizes the Commissioner of Property and Procurement to establish regulations necessary to the operation

of this chapter. Regulation § 239–2 of Title 31, chapter 23 states in part:

> The authority to negotiate contracts will be exercised exclusively by the Department of Property and Procurement except as may be otherwise provided by law and/or Rules and Regulations.

The result of a violation of this chapter is set forth in 31 V.I.C. § 249(a):

> Any purchase order or contract executed in violation of this chapter and the rules and regulations promulgated for its enforcement, shall be null and ineffective and, if public funds have been expended in relation therewith, the amount so expended may be recovered in behalf of the Government of the Virgin Islands through proper action instituted for such purpose.

In applying these statutes and the regulation to the case at hand, this Court notes that both the plans for the gymnasium and the plans for the high school involved contracts that were for sums greater than $40,000. This fact requires a contract to be made with the Commissioner of Property and Procurement. There is no evidence in this case that the Commissioner of Property and Procurement negotiated, approved, or signed any of the disputed contracts. Absent such evidence, even had a "contract" been signed by the Governor of the Virgin Islands, that contract would not be in compliance with chapter 23 of Title 31. A contract not in compliance with chapter 23 is null and ineffective (31 V.I.C. § 249(a)). Thus, the contracts in dispute here, even if signed by the Governor, are void rather than voidable (cf. Tr. p. 136).

■ Since there is no express contract here, the question arises whether plaintiff can recover on a quasi-contractual basis such as quantum meruit. It is noted that there is no claim that the Government of the Virgin Islands used or benefited from these plans in any way—unjust enrichment is not an issue. Also, there is no question of fraud or deception on the part of the Government—Gregson was never under the misapprehension that he had a valid contract. Rather, the simple fact of the matter is that Gregson drew up plans on the hope and chance that a valid contract would follow. With neither unjust enrichment nor an implied promise in evidence here, the foundation for a quasi-contract recovery is lacking.

■ Also, in Sargeant v. Government of the Virgin Islands, 10

V.I. 245 (D.C.V.I. 1973), the Court ruled that 31 V.I.C. § 249 was to be interpreted strictly, and that a quantum meruit recovery was not allowed where § 249 was violated.

As there is no basis for recovery here either "on" or "off" a contract, judgment must be entered for the defendant Government of the Virgin Islands.

### JUDGMENT

The premises considered and the Court being fully advised, it is hereby

ORDERED, ADJUDGED AND DECREED

That Judgment be, and the same hereby is, entered in favor of the defendant Government of the Virgin Islands.