**URDLEY SMITH d/b/a VIRGIN ISLANDS LANDSCAPING AND GARDENING, Appellee/Cross-Appellant**

v.

**DEPARTMENT OF EDUCATION, COMMISSIONER OF EDUCATION, and GOVERNOR OF THE VIRGIN ISLANDS, Appellants/Cross-Appellees**

Terr. Ct. Civ. No. 469/1988
Dist. Ct. Civ. No. 132/1989

District Court of the Virgin Islands

Appellate Division

November 5, 1990

427

GEORGE H. HODGE JR., ESQ., St. Thomas, V.I., *for appellee/cross-appellant*

GODFREY R. DE CASTRO, ESQ., Attorney General, By ROY E. PARROTT, ESQ., Deputy Solicitor General and ROSALIE SIMMONDS BALLENTINE, ESQ., Solicitor General, By ROBERT W. BORNHOLT, ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for appellants/cross-appellees*

BROTMAN, *Acting Chief Judge*

On Appeal from the
Territorial Court of the Virgin Islands

BEFORE: STANLEY S. BROTMAN, *Acting Chief Judge*, District Court of the Virgin Islands, Judge of the United States District Court for the District of New Jersey, Sitting by Designation: BENJAMIN F. GIBSON, *Judge* of the United States District Court for the Western District of Michigan, Sitting by Designation: and RAYMOND L. FINCH, *Judge* of the Territorial Court of the United States, Virgin Islands.

OPINION OF THE COURT

This is an appeal and cross-appeal from findings of fact and law after a bench trial in which the Territorial Court awarded appellee/cross-appellant Urdley Smith ("appellee") $27,272.73 in quantum meruit for the reasonable value of services rendered under what was a null and void government contract. The Department of Education, the Commissioner of Education, and the Governor, appellants/cross-appellees ("appellants"), appeal from the judgment of the Territorial Court on the following grounds:

1. The trial court erroneously applied the federal funds exception of 31 V.I.C. 249(b) and Sargeant v. Government of the Virgin Islands, 10 V.I. 245 (D.C.V.I. 1973), to the facts of this case, allowing appellee to recover in quantum meruit where appellee had null and void government contract with appellants.

2. The trial court erred in awarding appellee damages in quantum meruit as an action in quantum meruit is not allowable when a contract with the government is executed in violation of statutory procedures.

This court will address appellants' two contentions as separate arguments regarding a single issue.

428

Urdley Smith, appellee, cross-appeals from the judgment of the Territorial Court on the following additional grounds:

3. The trial court erroneously failed to award appellee the additional sum of $18,000 for his trucking services.

4. The trial court's failure to order payment of the judgment from the federal funding source that was available to pay appellee in the initial instance is reversible error.

For the foregoing reasons, the Court will reverse that portion of the Territorial Court's judgment awarding appellee $27,272.73 in quantum meruit, and will affirm the judgment of the Territorial Court on all other grounds.

## I. FACTS AND PROCEDURE

From June through August of 1986, appellee removed trash and debris from five of appellants' schools. After doing the work, appellee submitted an invoice for $18,000 for his services. That invoice was lost and appellee was never paid.

The parties entered into an unrelated written agreement on October 1, 1986 for appellee's professional services. Appellee signed the agreement, as did Dr. Charles Turnbull, the Commissioner of Education. Appellee immediately began performance of the contract. In January of 1987, appellee submitted an invoice for $27,000 for the services rendered in October, November and December under the contract. The government paid him the $27,000 he billed for his services, utilizing monies contained in a federal fund from which several contractors were paid.

By letter dated March 11, 1987, appellants' counsel informed appellee that the Governor had not signed the "proposed contract" and that he should not do any work under the contract.[1] By the time appellee received this letter, he had already performed six months of work under the contract, and had been paid for three. Appellee ultimately filed suit to recover monies due him.

At trial, appellee conceded that the October 1, 1986, contract was null and void without the Governor's signature under Title 31 of the Virgin Islands Code. Appellee sought to recover in quantum meruit the reasonable value of the services he had performed October 1986

---

[1] A government contract executed without the Governor's signature is null and void under 31 V.I.C. 249(a).

429

through March 1987 minus the $27,000 payment he received. Appellee also sought to recover the $18,000 for his trucking services performed during the summer of 1986. Appellee presented three witnesses in support of his case; the government rested without presenting any evidence, relying upon the law as its defense.

After a bench trial, the Territorial Court found as a fact that appellee had provided landscaping services to appellants from June through August of 1986. In addition, the Territorial Court determined that appellee had provided professional services for appellants' benefit from October 1986 through March 1987 and that the reasonable value of appellee's services from January through March of 1987 was $27,272.73. The Territorial Court also concluded that appellee had presented credible evidence that the funding code on the improperly executed contract was a federal code, and that the government paid $27,000 from a federal account to appellee for services performed October through December of 1986. Appellee presented no evidence that he knew of the federal funding source when he entered into the contract. The Territorial Court further found that had the contract been fully executed, the amounts due would have been paid from federal funds.

Applying the law to those facts, the Territorial Court held that the written contract executed by appellee and the Commissioner of Education was null and void as it failed to comply with the statutory requirements for government contracts pursuant to Chapter 23 of Title 31 of the Virgin Islands Code. Despite the general rule which prohibits quantum meruit recoveries when government contracts are executed in violation of statutory requirements, the Territorial Court determined that appellee could recover in quantum meruit as the source of funds for his payment was federal, not local, citing the federal funds exception created by 31 V.I.C. 249(b) as applied in Sargeant v. Government of the Virgin Islands, 10 V.I. 245 (D.C.V.I. 1973). The Territorial Court then ordered judgment be entered for appellee in the amount of $27,272.73.

The Territorial Court denied any award to appellee based on his trucking services during the summer of 1986. The Territorial Court found that although appellee provided trucking services removing trash and debris during the summer of 1986, there was no evidence to indicate that appellee had a valid contract with the government to do so. To be valid pursuant to Chapter 23 of Title 31 of the Virgin Islands Code, a government contract must be written. The

430

Territorial Court held that Sargeant v. Government of the Virgin Islands, 10 V.I. 245 (D.C.V.I. 1973), prohibited a quantum meruit award under the facts presented for the trucking services.

After entry of judgment, appellee moved the Territorial Court for an order compelling appellant to pay the judgment out of the federal fund from which appellee would have been paid had the service contract been properly executed. The Territorial Court denied appellee's unopposed motion, stating it did not have the power to order appellant to pay the judgment from a particular fund.

Appellant now appeals from the Territorial Court's judgment insofar as it awarded appellee $27,272.73 in quantum meruit. Appellee cross-appeals from that part of the judgment of the Territorial Court denying him recovery of the additional sum of $18,000 for his trucking services and the Territorial Court's denial of his motion to order appellant to pay the judgment from the federal funding source.

## II. DISCUSSION

■ As the issues in this appeal involve the application of legal precepts, the court's standard of review is plenary. United States v. Adams, 759 F.2d 1099, 1106 (3d Cir. 1985).

■ Appellants assert that the Territorial Court erroneously allowed appellee to recover in quantum meruit when he admittedly had a null and void contract with the government. The general rule is that recovery on the contract or in quantum meruit cannot be obtained when a government contract is executed in violation of statutory requirements.[2] Sargeant v. Government of the Virgin Islands, 10 V.I. 245 (D.C.V.I. 1973); see Gregson & Associates Architects v. Government of the Virgin Islands, 18 V.I. 361 (D.C.V.I. 1981).

In the instant case, appellee conceded that the October 1986 written agreement was null and void as the Governor had not signed it as required by the procurement statutes. Despite the lack of statutory compliance with government procurement procedures, the Territorial Court awarded appellee $27,272.73 in quantum meruit. It did so under the exception to the general rule codified at 31 V.I.C. 249(b):

> The provisions of this chapter shall not apply to purchase orders or contracts where Federal funds are involved, and where fed-

---

[2] The statutory requirements for government contracts are set forth in Chapter 23 of Title 31 of the Virgin Islands Code.

eral law, rules or regulations apply to the procurement of supplies, materials, equipment or contractual services in the Virgin Islands.

In the instant case, the Territorial Court found that the federal funds were the source of appellee's partial payment and would have been used to pay the full contract if it had been completed, findings which are not clearly erroneous. Under the federal funds exception, the Territorial Court held that appellee could recover in quantum meruit.

Appellants argue that the Territorial Court's decision to grant relief in quantum meruit was erroneous in two regards. First, appellants argue that the fact that federal funds were to pay for the contractual services is not enough to satisfy the statutory exception; rather, appellee must prove that federal law, rules or regulations apply to the null and void contract. This court need not decide this issue as it finds appellants' second argument persuasive, namely, that the federal funds exception was wrongly applied to the facts of this case.

Sargeant was the first case to address the exception to the general rule. Sargeant, 10 V.I. at 250–251.[3] In Sargeant, an architectural firm sought to recover in quantum meruit for services rendered under a null and void government contract. The contract to design a government office center was signed by a government Commissioner and approved by the Governor. In addition, the legislature passed three resolutions in connection with the project. The first authorized the filing of an application with the federal government for an advance which was tentatively approved by an agency of the United States government. The federal government reviewed the plans submitted by the architectural firm and approved an advance of $160,000 to the firm. The second legislative resolution authorized the acceptance of the federal offer to fund the project. The contract between the parties was then signed, and thereafter the legislature passed a third resolution purporting to approve the architectural firms' planning documents and statement of costs which had already been submitted to and approved by the federal government. Id. at 246–247. Despite the legislative resolutions, the formal procurement

---

[3] Although 31 V.I.C. 249(b) was in effect at the time of the Sargeant decision, it did not apply to the facts of that case as it was enacted after the contract in question was executed. Nonetheless, Sargeant is the leading case in this area and its analysis applies to the facts of this case.

procedures required by the Organic Act were not followed. Under the general rule, the failure to comply with statutory procurement procedures would result in the contract being declared null and void. Id. at 248. The court in Sargeant, however, found that the agreement executed by the parties was valid insofar as it encumbered federal, not local funds. Id. at 251.

■ The Sargeant court discussed several reasons for its holding. First, the court noted that the federal funds involved in Sargeant were specifically appropriated by the federal government to the particular project. Id. at 250–51. Second, in Sargeant, the local government had no discretion to allocate the funds, and the contractor involved in that case, an architectural firm, had to submit plans and documents directly to the federal government. Id. Finally, the Sargeant court examined the policy underlying the general rule. The statutory requirements were created "to protect the local treasury from fiscal mismanagement, unauthorized expenditures, and generally to insure the functions of the legislature in dispensing local revenues from encroachments by the executive branch of government." Id. at 250. To allow executive agencies or their agents to enter agreements which are enforceable despite the statutory violations would be to destroy the life and vitality of the statutes. Id. The Sargeant court found that the policy had "no connection to the federal treasury. . ." and upheld the validity of the particular contract at issue. Id. at 250–251. The Sargeant court noted, however, that: "when federal funds are covered into the Virgin Islands treasury for disbursement in matters which may require discretionary allocation, the (Organic Act) restrictions may follow such funds. . ." Id. at 250.

■ The facts of the instant case are distinguishable from the facts in Sargeant. No evidence was presented at trial to suggest that the federal government specifically appropriated funds to appellee's services. Appellee did not apply directly to the federal government for his contract. It seems that appellee was unaware of the federal funding source for his contract until the pendency of this lawsuit. In addition, several different contractors were paid out of the same federal fund as appellee, suggesting that payment was left to the discretion of the local government. As noted by the Sargeant court, when disbursement of federal funds is left to the discretion of the local government, the Organic Act restrictions may follow such funds. Id. at 250. This court holds that the Organic Act restrictions do follow such funds as the policy concerns underlying the Organic Act re-

garding fiscal mismanagement, unauthorized expenditures and executive encroachment on the legislature apply with equal force to federal funds which are to be disbursed at the discretion of local government as they do to local funds to be disbursed at the discretion of local government.[4]

 The federal fund exception is designed to deal with a very small group of contracts in which the federal government played a substantial role in the procurement process. Sargeant's vitality is limited to those few instances where the federal government approved the project, solicited contractor applicants, reviewed their plans, and actually selected the contractor to whom the contract is awarded, or engaged in other similar extensive activity involving the procurement process. Sargeant cannot stand for the proposition that a contractor who has a null and void contract with the government can recover in quantum meruit despite the general rule simply because he or she fortuitously is to be paid from federal funds. Such a federal funds exception to the general rule would completely circumvent the policies underlying the Organic Act.

 The instant case does not fall within the federal funds exception. As a result, appellee cannot recover in quantum meruit for the services he rendered to the Government of the Virgin Islands pursuant to a null and void contract. While the result of this rule is harsh, the rule is necessary so that the processes of government will not be undermined. See Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, 663 F.2d 419, 431–33 (3d Cir. 1981). This court will reverse the Territorial Court's entry of judgment for appellee in the amount of $27,272.73 as it is contrary to the policies underlying the Organic Act.

Next, this court must turn to the issues upon which appellee cross-appeals. Appellee argues that the Territorial Court erroneously failed to award him $18,000 for trucking services he rendered during the summer of 1986 allegedly pursuant to an oral contract with the appellant. Title 31 of the Virgin Islands Code prohibits oral contracts with the government, and quantum meruit recovery is prohibited

---

[4] Appellants argue that Sargeant is distinguishable from the instant case on another ground, that the plaintiffs in Sargeant had a contract while appellee in the instant case admittedly had a null and void contract with the government. This distinction is no distinction at all. Like appellee's contract, the Sargeant plaintiffs' government contract was executed in violation of the statutory requirements.

when a contract with the government is executed in violation of statutory procedures. Gregson & Associates, 18 V.I. at 365.

■ Appellee argues that the statute provides an exception which applies to him, namely that "the Commissioner in appropriate cases may waive this provision." 31 V.I.C. 249(b). Appellant responds to appellee's argument by positing that the Commissioner of Education could not waive the statutory government procurement requirements of 31 V.I.C. 249(a); however, it appears that in 1986 the Department of Education could waive the requirements for contractual services "for the addition, improvement and/or repairs to existing school and school facilities. . ." for amounts up to $40,000 pursuant to Title 3 V.I.C. 96(d).[5] Despite the existence of this exception, at trial appellee presented no evidence that 31 V.I.C. 249(a) was waived for him by the Department of Education. Additionally, the Territorial Court found that the services provided were landscaping services, not "for the addition, improvement and/or repairs to existing school and school facilities. . ." This finding was not clearly erroneous, and this court will affirm the Territorial Court.

Appellee also cites the Territorial Court's refusal to order the payment of judgment out of the federal funding source as a ground for error. As this court has reversed the entry of judgment for appellee, this issue is moot.

### III. CONCLUSION

For the foregoing reasons, the Court will reverse that portion of the Territorial Court's judgment which permits appellee to recover in quantum meruit, and will affirm the Territorial Court in all other respects.

### JUDGMENT OF THE COURT

This matter is before the court on the appeal of the Department of Education, Commissioner of Education and Governor of the Virgin Islands and the cross-appeal of Urdley Smith d/b/a Virgin Islands Landscaping and Gardening from a judgment entered by the Territorial Court;

The Court having considered the submissions of the parties and the arguments of counsel; and

---

[5] Subsection (d) to section 96 of Title 3 was repealed in 1987 after appellee rendered the services in question.

For the reasons set forth in the Court's opinion of this date;

IT IS on this 5th day of November, 1990,

ORDERED AND ADJUDGED that the judgment of the Territorial Court is REVERSED insofar as it allowed appellee to recover in quantum meruit and AFFIRMED as to all other issues.

Each side to pay its own costs.