**URDLEY SMITH d/b/a/ VIRGIN ISLANDS LANDSCAPING AND GARDENING, Appellant**

**v.**

**DEPARTMENT OF EDUCATION, COMMISSIONER OF EDUCA-TION, and GOVERNOR OF THE VIRGIN ISLANDS, Appellees**

No. 90-3845

United States Court of Appeals

for the Third Circuit

August 14, 1991

GEORGE H. HODGE, JR. (Argued), St. Thomas, V.I., *for appellant*

ROSALIE SIMMONDS BALLENTINE, Acting Attorney General, ROY E. PARROTT, Acting Sol. General, ROBERT W. BORNHOLT (Argued), Assistant Attorney General, St. Thomas, V.I., *for appellees*

BEFORE: BECKER, SCIRICA and ALITO, *Circuit Judges*

## OPINION

ALITO, Circuit Judge

Urdley Smith, a landscaping and gardening contractor, contends that he is entitled to compensation from the Government of the Virgin Islands for work done pursuant to an alleged oral contract and a written contract that was not executed in compliance with the contract terms and Virgin Islands procurement statutes. The appellate Division of the District Court of the Virgin Islands rejected his arguments. We will affirm.

### I.

Smith asserts that he entered into two separate agreements to render services for the Government of the Virgin Islands. First, Smith claims that the parties entered into an oral contract for trucking services. Smith contends that he was performing under this contract when he removed trash and debris from five schools from June through August of 1986. According to Smith, he submitted an $18,000 invoice for this work, but the invoice was lost, and he never received payment.

Second, Smith contends that the parties subsequently entered into an unrelated written contract. Smith and Dr. Charles Turnbull, the Commissioner of Education, signed a "Contract for Professional Services" dated October 1, 1986. Under this document, Smith agreed to "provide at least one skilled and experienced Horticulture/Agriculture Program supervisor to assist in the training and supervision of an initial group of 7–10 students to improve and maintain grounds and facilities at a minimum of seven public school projects." Smith also agreed to perform regular maintenance of the school grounds. The contract stated that it was for a period of one year and that Smith was to receive $125,000. Under the heading "CONDITION PRECEDENT," the document stated: "This Contract shall be subject to . . . the approval of the Governor."

In January 1987, Smith submitted an invoice for $27,000 for services rendered under this contract during October, November, and

December of 1986. The government paid him the $27,000 he had billed, utilizing monies from a federal fund from which several other contractors were also paid. By letter dated March 11, 1987, however, Smith was instructed that the governor had not signed the proposed contract and that Smith should not do any work under the agreement. Smith was also refused payment for work done during January, February, and March of 1987.

Smith filed this action in the Territorial Court, District of St. Thomas and St. John, for breach of quasi-contract or detrimental reliance and damages. The case was tried without a jury. Smith conceded that the written agreement was null and void, but he introduced evidence that he had performed valuable services pursuant to that agreement and the alleged oral contract. Smith also introduced evidence that the $27,000 payment made in January 1987 had come from a federal fund into which the United States Department of Education had paid more than $270,000. There was no evidence that the federal government had placed restrictions on the expenditure of these funds by the Virgin Islands authorities.

At the conclusion of the trial, the Territorial Court held that Smith was entitled to recover $27,272.73 for work done under the written contract during January to March 1987. The Territorial Court recognized that Smith's written agreement was null and ineffective because it had not been properly executed and that quantum meruit recoveries are generally proscribed when government contracts are executed in violation of statutory requirements. The court held, however, that Smith could recover by virtue of a special "federal funds exception" contained in 31 V.I.C. § 249(b) and discussed in Sargeant v. Government of the Virgin Islands, 10 V.I. 245 (D.C.V.I.1973). The court concluded that the exception applied here because Smith's payments under the written agreement would have come entirely from federal funds. The court ruled against Smith, however, with respect to his claim for $18,000 for trucking services because those services had not been performed under a written agreement.

The Government of the Virgin Islands appealed to the Appellate Division of the District Court of the Virgin Islands, contending that the Territorial Court erred in awarding Smith any recovery. Smith cross-appealed from the portion of the Territorial Court's judgment denying his $18,000 claim for trucking services.

The district court reversed the award of compensation to Smith, holding that the "federal funds exception" in 31 V.I.C. § 249(b)

does not apply simply because a contractor happened to be paid using federal funds. 751 F.Supp. 70. Instead, the court concluded, this exception applies only when the federal government plays a substantial role in the procurement process. The court elaborated:

> The federal fund exception is designed to deal with a very small group of contracts in which the federal government played a substantial role in the procurement process. Sargeant's vitality is limited to those few instances where the federal government approved the project, solicited contractor applicants, reviewed their plans, and actually selected the contractor to whom the contract is awarded, or engaged in other similar extensive activity involving the procurement process. Sargeant cannot stand for the proposition that a contractor who has a null and void contract with the government can recover in quantum meruit despite the general rule simply because he or she fortuitously is to be paid from federal funds. Such a federal funds exception to the general rule would completely circumvent the policies underlying the Organic Act.

The court affirmed the remainder of the Territorial Court's judgment. Smith filed a timely notice of appeal to this court.

## II.

We agree with the district court that Smith could not recover for services performed under the written agreement.[1] First, it is clear that this document was not executed as required by its own terms or by Virgin Islands procurement statutes, 31 V.I.C. §§ 231–251. The document clearly stated that it was "subject . . . to the approval of the Governor." Since the governor never approved the contract, no valid contract was ever created. Moreover, the Virgin Islands procurement statutes provide that purchases or contracts for services exceeding $1000 must be approved by the Commissioner of Property and Procurement. See 31 V.I.C. §§ 232(1), 236, 239(b). In addition, the Commissioner of Property and Procurement has exclusive authority to negotiate all open market purchases, including those for professional services under 31 V.I.C. § 239(a)(4). See 31 V.I. R. & Regs. § 239–2. Here, the Commissioner

---

[1] As the resolution of both of Smith's claims require application of legal precepts, our standard of review is plenary. United States v. Adams, 759 F.2d 1099, 1106 (3d Cir.1985).

of Education, rather than the Commissioner of Property and Procurement, signed the written agreement. While the Commissioner of Education was authorized to enter into contracts calling for payments not exceeding $40,000 (3 V.I.C. § 96(d) (repealed 1987)),[2] or for open market purchases not exceeding $2,500 (3 V.I.C. § 96(c) (repealed 1987)), the agreement at issue in this case called for payments totalling $125,000. Therefore, under the Virgin Islands statutory procurement scheme in place during the applicable time period, the approval of the Commissioner of Property and Procurement was required.

Because this agreement was not executed in compliance with Virgin Islands law, it was "null and ineffective" by virtue of 31 V.I.C. § 249(a). This latter provision unequivocally provides:

> Any purchase order or contract executed in violation of this chapter [i.e., 31 V.I.C. §§ 231–51] and of the rules and regulations promulgated for its enforcement, shall be null and ineffective and, if public funds have been expended in relation therewith, the amount so expended may be recovered in behalf of the Government of the Virgin Islands through proper action instituted for such purpose.

Smith may not circumvent this statutory provision by invoking the doctrine of quantum meruit or other related equitable theories. Interpreting 31 V.I.C. § 249(a), we held in Heyl & Patterson International, Inc. v. F.D. Rich Housing, 663 F.2d 419, 432 (3d Cir.1981), cert. denied, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982), that a contract that did not meet statutory requirements was "null and void ab initio" and could not be "enforced on a theory of quantum meruit, substantial compliance or estoppel." We explained (id.) that "[i]f contracts violative of statutory prohibitions may be executed by government agencies and subsequently enforced, the

---

[2] 3 V.I.C. § 96(d) (repealed 1987) (emphasis added) provided in pertinent part:
The Department [of Education] shall contract for all ... contractual services in the manner provided by subsection (c) of this section for the ... addition, improvement and/or repairs to existing school and school facilities; *Provided, That the aggregate amount involved under the terms of such purchase or contract does not exceed $40,000.*

Under 3 V.I.C. § 96(c) (repealed 1987), which was mentioned in the provision quoted above, the procurement requirements in 31 V.I.C. §§ 231–251 applied to such contracts.

power of the legislature and the process of government itself would be undermined."

■ Nor can Smith escape 31 V.I.C. § 249(a) by relying on the so-called "federal funds exception" in 31 V.I.C. § 249(b). This exception provides that the Virgin Islands procurement statutes, including 31 V.I.C. § 249(a), do not apply to purchase orders or "contracts where Federal funds are involved, and where federal law, rules or regulations apply to the procurement of supplies, materials, equipment or contractual services in the Virgin Islands." This language, if read in isolation, might plausibly be interpreted to make the procurement statutes inapplicable to a contract if federal funds are involved *or* if federal procurement law applies. When the exception is viewed in the context of the entire procurement scheme, however, it is apparent that the exception applies only if both of these conditions are satisfied.

The Legislature of the Virgin Islands has enacted a detailed statutory scheme governing procurement contracts. 31 V.I.C. §§ 231–51. This scheme is obviously intended to ensure that government procurement is supervised by high-level officials and is carried out in an efficient, fair, and consistent manner. As previously noted, 31 V.I.C. § 249(a), which makes improperly created contracts "null and ineffective," prevents government employees and contractors from attempting to circumvent these procurement requirements.

While these provisions generally play an important role in preventing abusive and inefficient procurement practices, enforcement of this detailed procurement scheme is not necessary and may actually be impossible when a contract is funded by the federal government and is subject to detailed federal procurement regulations. In this situation, attempting to enforce both schemes might lead to confusion and redundant regulation. It is for this reason, we believe, that 31 V.I.C. § 249(b) makes the Virgin Islands procurement statutes inapplicable when a federally funded contract is subject to federal regulation. These considerations do not apply, however, where the federal government merely provides funding but does not impose detailed procurement regulations governing the use of those funds and thus leaves the Government of the Virgin Islands substantial discretion regarding the expenditure of the federal funds. In this latter situation, the contracting process would not be regulated at all if the Virgin Islands procurement statutes did not apply. There would be no body of law to

prevent the abusive and inefficient practices that the Virgin Islands procurement statutes were enacted to avoid. We do not believe that the Legislature intended such a result. On the contrary, we are convinced that 31 V.I.C. § 249(b) was meant to create a narrow exception to the general procurement scheme, one applicable only where Virgin Islands procurement law is essentially displaced by comprehensive federal procurement requirements.

█ In the present case, the written agreement with Smith was not governed by federal procurement regulations that displaced the Virgin Islands scheme. Although Smith's $27,000 payment came from funds provided by the federal government, the record does not show that the federal government imposed substantial restrictions on the contracting process. It appears, instead, that Virgin Islands authorities, not federal authorities, exercised complete control over the contracting process. Consequently, 31 V.I.C. § 249(b) does not apply, and Smith cannot obtain recovery for work done under his "null and ineffective" agreement.

Our construction of 31 V.I.C. § 249(b) is consistent with Sargeant v. Government of the Virgin Islands, supra, upon which Smith relies. In that case, the Government of the Virgin Islands entered into a contract calling for an architectural firm to receive all of the funds ($160,000) that had been furnished by a federal grant specifically earmarked for the project in question. The contract also contained an escalator clause, but federal funds were apparently not provided for any obligations incurred under this clause. Contrary to 31 V.I.C. § 248,[3] the Government of the Virgin Islands entered into this contract without proper legislative authorization. After obtaining the full amount of the federal grant, the architectural firm brought suit claiming that the Government of the Virgin Islands was obligated under the escalator clause to make additional payments using local funds. The Government of the Virgin Islands then counterclaimed, seeking recovery of the $160,000 under what is now 31 V.I.C. § 249(a),[4] since this money had been paid under an ineffective contract.

The district court held that what is now 31 V.I.C. 249(a) precluded the architectural firm from recovering additional payments

---

[3] 31 V.I.C. § 248 requires proper authorization or appropriation before a government contract or purchase is made.

[4] In 1971, subsection (b) was added to 31 V.I.C. § 249, and what had previously been the entire statute was designated as subsection (a).

under the escalator clause. Sargeant, 10 V.I. at 248–49. The court wrote that this provision must be "firmly enforced" and that the procurement statutes would be eviscerated if a contractor who entered into a contract that did not comply with the statutory requirements could nevertheless recover in quantum meruit. Id. at 252–53.

By contrast, the court ruled that what is now 31 V.I.C. § 249(a) did not permit the Government of the Virgin Islands to recover the $160,000 supplied by federal grant. Id. at 250–51. The court reasoned that the statute was intended to insure that discretionary expenditures by the Government of the Virgin Islands were made in accordance with statutory requirements and procedures. Id. This provision did not apply, the court stated, where money was paid by the federal government for a specific project and the contracting process and the contractor's performance were regulated in detail by federal authorities. Id. The court noted, however, that "when federal funds are covered into the Virgin Islands treasury for disbursement in matters which may require discretionary allocation, the restrictions [on procurement procedures] may follow such funds." Id. at 250. Although 31 V.I.C. § 249(b) was not directly applicable in Sargeant because this provision was added after the events at issue, the court explained that its analysis was fully consistent with that provision. Id. at 250–51. Thus, the Sargeant court's construction of 31 V.I.C. § 249 was essentially the same as the interpretation we apply here.

## III.

■ We also agree with the district court that Smith was not entitled to recover $18,000 for the work he did pursuant to the alleged oral contract. Virgin Islands statutes clearly require that contracts calling for expenditures exceeding $1,000 must be written. 31 V.I.C. § 236(a). See also 3 V.I.C. § 96(c) (repealed 1987) (Board of Education contracts must comply with same substantive requirements).[5]

■ In an attempt to recover under the alleged oral agreement, Smith invokes a different portion of 31 V.I.C. § 249(b) from that discussed above. He relies upon the following language (emphasis added):

> (b) Notwithstanding any other provision of this chapter no purchase order or contract shall be executed between the Gov-

[5] See page 201, footnote 1, supra.

ernment and any person, firm, partnership or corporation who has failed to comply with the terms and conditions of any such purchase order or contract; *Provided, however, That the Commissioner in appropriate cases may waive this provision.*

Smith appears to argue that this language authorized the Commissioner to waive the requirement of a written contract, but this argument fails for at least two reasons. First, the language upon which Smith relies authorizes the Commissioner to waive the requirement set out in 31 V.I.C. § 249(b), not the requirement of a written contract, which is contained in an entirely different section, 31 V.I.C. § 236(a). Second, Smith never proved that the Commissioner waived any requirement.

## IV.

In sum, we hold that Smith may not recover for work done under the alleged oral contract or the ineffective written contract. We will therefore affirm the judgment of the district court.