IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
November 24, 2020
ST-2004-CV-00455
TAMARA CHARLES
CLERK OF THE COURT




## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

JOE HAROLD VANTERPOOL, D/B/A )
VANTERPOOL ENTERPRISES, )
                                           )     CASE NO. ST-04-CV-455
          Plaintiff, )
                                           )
        v. )    ACTION FOR BREACH
                                           )     OF CONTRACT AND DEBT
GOVERNMENT OF THE VIRGIN ISLANDS )
through the DEPARTMENT OF PROPERTY & )
PROCUREMENT, DEPARMENT OF )
EDUCATION, DEPARTMENT OF HOUSING )
PARKS AND RECREATION, DEPARTMENT OF)
TOURISM, and THE OFFICE OF THE )
LIEUTENANT GOVERNOR OF THE VIRGIN )
ISLANDS, )    Cite as 2020 VI Super 98U
                                           )
          Defendants. )

### MEMORANDUM OPINION

¶ 1.    **THIS MATTER ON REMAND** from the Supreme Court of the Virgin Islands, is before the Court on Plaintiff Vanterpool Enterprises' "Amended Memorandum of Law in Support of its Motion for Summary Judgment" filed on October 18, 2011. Defendants filed an "Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment" on November 8, 2011. Plaintiff filed an Opposition to the Cross-Motion and a Response to the Opposition on November 30, 2011. Defendants filed a Reply on December 19, 2011. On remand, Plaintiff filed a Statement of Undisputed Facts in support of his original motion, with leave of this Court.[1]

---

[1] Rather than submitting a Statement of Undisputed Facts citing to the original record before the Court in 2011, Plaintiff submitted new exhibits. The Court will not consider the new exhibits because they were not part of the record at the time the motions were filed. V. I. R. Civ. P. Rule 56. Plaintiff's Statement of Undisputed Facts refers to a "T21-281 Lease" and related invoices that were not raised in the original motions. Those issues are not properly before the Court and are not considered in this Opinion.

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*
    *G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

Cite as 2020 VI Super 98U

¶ 2.    On July 12, 2013, the Superior Court issued an order and opinion ruling in favor of the Defendants on the same motions that are now before this Court. In that opinion, the Superior Court applied the United States District Court of the Virgin Islands' Local Rule of Civil Procedure 56.1 and accepted the Government's factual assertions as undisputed because Vanterpool had failed to comply with the rule's filing requirements. *See* July 10, 2013 Mem. Op. The Virgin Islands Supreme Court reversed the application of Local Rule 56.1, finding the Superior Court had applied it "mechanically and without explanation." *Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 576 (V.I. 2015). The Supreme Court clarified two purely legal issues before remanding. It held that: (1.) "section 239 of title 31 only eliminates the competitive bidding requirement for public exigency contracts, but not the writing requirement" and (2.) a contractor may bring a quantum meruit action against the Government in the absence of a valid contract. *Id.* at 587, 593. The Supreme Court remanded with instructions to conduct a full summary judgment analysis in the first instance in accordance with Virgin Islands precedent. *Id.*; *see Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379 (V.I. 2014); *Martin v. Martin*, 54 V.I. 379, 389 (V.I. 2010); *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008). After considering the Supreme Court's opinion and conducting a review of the record, this Court will grant Plaintiff's motion in part and Defendants' cross-motion in part.

## I.    STANDARD OF REVIEW

¶ 3.    Summary judgment should only be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Anthony v. FirstBank V.I.*, 58 V.I. 224, 228–29 (V.I. 2013) (quoting *Williams*, 50 V.I. at 194). Summary judgment is appropriate when the evidence viewed in "the light most favorable to the non-

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*  Cite as 2020 VI Super 98U
  *G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

moving party" shows no "triable issue of material fact." *Basic Servs., Inc. v. Gov't of the V.I.*, 71 V.I. 652, 658–59 (V.I. 2019). A triable issue arises and precludes summary judgment if the disputed fact "might affect the outcome of the suit under the governing law . . . ." *Kennedy Funding, Inc. v. GB Props., Ltd.*, 2020 V.I. Supreme LEXIS 13, at *10 (May 20, 2020); *Williams*, 50 V.I. at 194; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When reviewing the record, a court must draw inferences from the underlying facts in the light most favorable to the non-moving party and take the non-moving party's conflicting allegations as true if supported. *Williams*, 50 V.I. at 194. In this case, the underlying facts are largely, if not entirely, undisputed and both parties seek summary judgment on the same issues.

## II.    DISCUSSION

¶ 4.    There are two basic claims before the Court in the parties' motions. The first is for breach of contract and the second is for quantum meruit or unjust enrichment. The claims arise from a series of work performed by Vanterpool after Hurricane Marilyn (and subsequent storms) destroyed many public facilities on St. Thomas and St. John. Urgently needing the schools reopened and functioning, Governor Roy L. Schneider and his Commissioner of Education ("Commissioner") sought out Vanterpool and contracted with him to complete the repairs. The parties entered into two public exigency contracts, CC-8-DE-T-96 and CC-9-DE-T-96, pursuant to 31 V.I.C. § 239, which suspends the typical competitive bidding requirements of government contracts during times of emergency. Neither party disputes that Vanterpool performed and was paid the full amount provided in each contract—$3,262,300 and $660,750, respectively.

¶ 5.    At the request of the Governor and Commissioner, Vanterpool performed work beyond the scope of the contracts and was assured he would be paid for this work upon submission of invoices or change orders. Vanterpool submitted invoices detailing his additional repair work to

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*                    Cite as 2020 VI Super 98U
    *G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

the Commissioner, who requested, but never received, the Governor's approval to pay Vanterpool. In 2002, the Government recognized the outstanding debt owed to Vanterpool and entered into contract CC-23-DE-T-02, which compensated him retroactively for a portion of the work completed on the schools. This work has since been performed and paid in full, which neither party disputes.

¶ 6.     The parties cannot agree on what should become of seventeen unpaid invoices for repair work beyond what was contracted for, which total nearly six million dollars. *See* July 10, 2013 Mem. Op. 2–4 (providing an overview of the invoices). The government has never disputed that Vanterpool completed the work detailed in the outstanding invoices but seeks to avoid paying because the invoices do not meet the formalities required of government contracts under 31 V.I.C. §§ 236 & 239. Vanterpool attempts to circumvent sections 236 and 239 by arguing that the invoices were incorporated into his original contracts by oral modification, or alternatively, that he should recover on a quantum meruit claim.

### a. Public Exigency Contracts

¶ 7.     Section 236 sets out the procedures for contracting with the Government of the Virgin Islands and generally requires public bidding to ensure the fairness and transparency of government contracts. 31 V.I.C. § 236 (2020); *Smith v. Dep't of Educ.*, 942 F.2d 199, 202 (3d Cir. 1991). Section 239 eliminates some of the requirements during times of emergency to facilitate efficient responses, providing that:

> (a) Supplies, material and equipment may be purchased and contractual services negotiated for, in the open market without observing the provisions of section 236 of this title provided—
>
>    . . . .
>
>    (2) there exists a threat to public health, safety or welfare under emergency conditions as defined in regulations prescribed by the Commissioner; provided, that such emergency procurements shall be

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*
   *G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

Cite as 2020 VI Super 98U

made with such competition as is maximally practicable under the circumstances; and provided further, that all procurements made pursuant to this item shall be clearly stamped "PUBLIC EXIGENCY"[.]

. . . .

(b) Where an open market purchase is made, or a contract for services negotiated for, pursuant to clauses (1) and (2) of subsection (a) of this section, the approval of the Governor shall be necessary and, in addition, if the purchase is made pursuant to clause (2) of subsection (a) of this section, the Commissioner of Property and Procurement shall attach to the requisition stamped "Public Exigency" a brief but concise description of the nature of the public exigency involved.

31 V.I.C. § 239 (2020). Prior to remand, the Virgin Islands Supreme Court held that section 239 does not suspend section 236's requirement that government contracts be in writing. *Vanterpool*, 63 V.I. at 587. Thus for a public exigency contract under section 239(a)(2) to be properly executed: (1.) there must be a public exigency; (2.) it must be made with the maximum amount of competition practicable; (3.) it must be in writing and stamped with the words "public exigency;" (4.) it must be approved by the Governor; and (5.) the Commissioner of Property and Procurement must attach a description of the exigency. A contract that does not meet these requirements is null and void under section 249.

¶ 8.     Vanterpool erroneously argues that the invoices standing alone meet the requirements of section 239, but he does not dispute the underlying facts that clearly show otherwise. First, the invoices are not signed or stamped with the words "public exigency." *See, e.g.*, Pl.'s Exs. 17, 43, 53. The invoices also do not have attached descriptions from the Commissioner of Property and Procurement, nor were they approved by the Governor as binding contracts. Vanterpool emphasizes that the Commissioner of Education repeatedly acknowledged the work done and ensured payment, but title 31 nowhere authorizes the Commissioner of Education to contract on behalf of the government. Title 31 vests contracting authority in the Governor and the Commissioner of Property and Procurement so the government does not find itself bound to

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*
  *G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

Cite as 2020 VI Super 98U

various contracts executed by lower-level officials without permission or the funds to pay. *Creque v. Gov't of V.I.*, 354 F. Supp. 849, 853 (D.V.I. 1973) ("The Government may not contract illegally and then attempt to shield its errors under the guise of discretionary action.").

¶ 9.    To avoid these pitfalls, Vanterpool alternatively argues that the invoices are "incidental" to contracts CC-8-DE-T-96 and CC-9-DE-T-96 or were incorporated through oral modifications. Pl.'s Am. Mot. 8–9. It is not clear to the Court what Vanterpool means by "incidental" to the contract and he has not defined that term or cited any cases recognizing such a concept. *See id.* As to his modification argument, the Court finds the invoices are not valid modifications under the express terms of the contract, nor do the alleged modifications comply with title 31. Section 3 of both contracts authorizes modifications only by the "Contracting Officer," which other provisions designate as the Commissioner of Property and Procurement. *See* Defs.' Exs. A, B. Vanterpool does not allege that the modifications were executed by the Commissioner of Property and Procurement, nor does he allege they conform to the other requirements of Section 3. Rather, he argues that communications by the Commissioner of Education are "tantamount" to approval by the Commissioner of Property and Procurement. Pl.'s Am. Mot 12. The Court finds no reason to depart from the express provisions of the contract. *Armstrong Motors v. Lewis*, No. 803/1989, 1990 V.I. LEXIS 41, at *6 (Nov. 19, 1990) ("[A] contract will not be given an interpretation that is inconsistent with its express language."). The invoices are not valid modifications and therefore cannot be incorporated into the original contracts.

¶ 10.    In any event, Vanterpool executed releases of claims on both contracts on November 30, 1998. The identical releases state that the contractor "remises, releases, and forever discharges the Government from all manner of debts, dues, sum or sums of money, accounts, claims, and demands whatsoever, in law and in equity, under or by virtue of the said contract . . . ." *See*

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*                    Cite as 2020 VI Super 98U
   *G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

Defs.' Exs. A, B. Vanterpool executed both releases at a time when he had already completed much of the work covered by the additional invoices but had only been paid for the work detailed in the written contracts. He does not allege any impropriety or fraudulent inducement associated with his signing of the releases. *See* Pl.'s Opp'n 7. Therefore, the Court finds the releases of claims for contracts CC-8-DE-T-96 and CC-9-DE-T-96 valid and enforceable.

¶ 11. With respect to CC-23-DE-T-02, the Court finds that this contract has been fully paid and executed. At the time of the original filings, there was roughly $49,000 outstanding, which the Government has since paid to Vanterpool. The Government summarily argues that this contract's merger clause bars Vanterpool from collecting on additional invoices covering work completed on the Sprauve and Muller schools. The merger clause reads: "This Contract constitutes the entire agreement between the parties hereto, and all prior understandings or communications, written or oral, with respect to the project, which, are the subject matter of this Contract, are merged herein." Pl.'s Ex. 15. The subject matter of the contract is the services detailed in Invoice 002-97 and Invoice 003-A, which total exactly the contract price of $649,789.50. Therefore, it is clear to the Court that additional invoices for other work completed at the Sprauve and Muller schools are not merged into CC-23-DE-T-02.

¶ 12. The undisputed facts have satisfied the Court that the invoices do not meet the requirements of title 31 to serve as stand-alone public contracts. Second, the undisputed facts show that the invoices do not conform to the modification provisions of both CC-8-DE-T-96 and CC-9-DE-T-96 and therefore are not incorporated into either of those contracts. Nor are the outstanding invoices for work at the Sprauve and Muller schools merged into CC-23-DE-T-02. Finally, it is undisputed that Vanterpool released all his claims related to CC-8-DE-T-96 and CC-9-DE-T-96 and has been fully paid according to the terms of the contracts. Therefore,

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*
   *G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

Cite as 2020 VI Super 98U

Vanterpool's motion for summary judgment will be denied with respect to the contract claims. The Court need not evaluate Vanterpool's argument that the Government breached its duty of good faith and fair dealing with respect to the invoices, having already determined the invoices are not stand-alone contracts giving rise to any such duty.

### b. Quantum Meruit and Unjust Enrichment

¶ 13.   Quantum meruit is an equitable remedy that may be pursued through the quasi-contract cause of action, unjust enrichment. *Cacciamani & Rover Corp. v. Banco Popular de P.R.*, 61 V.I. 247, 251 (V.I. 2014). Unjust enrichment imposes liability where there is no enforceable contract between the parties, but the plaintiff should receive compensation in equity for the value of their work. *Id.* It does not reinstate the null-and-void contract for damages purposes; instead, "liability is imposed only to the extent that 'fairness dictates that the plaintiff receive compensation for services provided.'" *Vanterpool*, 63 V.I. at 592 (quoting *Cacciamani*, 61 V.I. at 251).

¶ 14.   Defendants move for summary judgment on Vanterpool's quantum meruit claim, arguing that such equitable recovery is not available against the government. Defs.' Opp'n 19. They rely on cases which held that quantum meruit cannot be obtained when a government contract is executed in violation of statutory requirements. *Id.* (citing *Smith v. Dep't of Educ.*, 751 F. Supp. 70, 72 (D.V.I. 1990)). On appeal, the Virgin Islands Supreme Court rejected those cases and held that quantum meruit is available against the government in the absence of a valid contract. *Vanterpool*, 63 V.I. at 593. However, "quantum meruit recovery would be disallowed if the Government came forth with evidence that the contractor knew or should have known of the contract's illegality or contributed to the statutory procedures not being followed." *Id.* at 592. The contractor may recover if "the Government was enriched at a contractor's expense, the Government had knowledge of the benefit, and the circumstances were such that in equity or

8

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*                              Cite as 2020 VI Super 98U
    *G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

good conscience the Government should compensate the contractor for the services provided."

*Id.* (internal quotations omitted).

¶ 15.   In this case, the Government has not submitted evidence that Vanterpool knew of the invoice procedure's illegality or was at fault for the violations of title 31. In fact, the record paints a much different picture. It appears to the Court that Vanterpool was continuously assured and led to believe that completing the work and submitting invoices afterward was an appropriate procedure. *See* Pl.'s Ex. 62 at 27–31 (Deposition of Commissioner of Education, Liston Davis). The Government dispensed with the formalities of title 31 to obtain vital and immediate services from Vanterpool in a time of disorder and chaos. Vanterpool relied on the assurances that he would be paid for his services and continued repairing schools and other essential buildings to help the territory return to a functioning state. The Government has not alleged that any of his work was faulty or incomplete, and it likely still benefits from Vanterpool's work to this day. Its attempt to avoid paying for nearly six million dollars in services that it has repeatedly acknowledged were performed is indefensible. And as the Virgin Islands Supreme Court recognized, it is also bad public policy:

> If a comparable natural disaster were to devastate the Territory's infrastructure in the future, potential vendors could well decline to do business with the Government at all, or perform emergency work only if they receive a full upfront payment, given the risk that the Government may refuse to honor the promises of its officials after the work has been performed. And reconstruction efforts might be delayed while a multitude of lawyers on both sides pore through the myriad of statutes and regulations pertaining to procurement and government contracts, given that even the most minor violation of procurement statutes and regulations could cause the agreement to become completely unenforceable.

*Vanterpool*, 63 V.I. at 593. The Court finds that equity requires the Government to compensate Vanterpool for his work.

¶ 16.   Last, the Court holds Vanterpool's claim is not barred by the six-year statute of

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*
*G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

Cite as 2020 VI Super 98U

limitations found in 5 V.I.C. § 31. Even if Vanterpool's claims to recover the debts owed on the invoices accrued outside of the six-year window, the doctrine of acknowledgment of the debt would apply to toll the limitations period. *Hamed v. Yusuf*, No. SX-12-CV-370, 2015 V.I. LEXIS 155, at *10 (Super. Ct. Apr. 27, 2015). "It has long been recognized that the expiration of the statutory period does not bar the claim if the plaintiff can prove an acknowledgment, a new promise, or part payment made by the defendant either before or after the statute has run." *Id.* (quoting *Gee v. CBS, Inc.*, 471 F. Supp. 600, 663 (E.D. Pa. 1979)). Here, the Government has repeatedly acknowledged, promised to pay, and partially paid Vanterpool for the debts owed.

¶ 17.    Since the Government does not dispute that Vanterpool completed the work detailed in his invoices, summary judgment on the issue of quantum meruit in favor of Vanterpool is warranted. However, quantum meruit does not reinstate the null contract—here, the invoices—so the parties must proceed on the issue of damages. "[D]amages are not measured pursuant to the contract. Instead, liability is imposed only to the extent that fairness dictates that the plaintiff receive compensation for services provided." *Vanterpool*, 63 V.I. at 592. The correct measure of damages in quantum meruit is only "the monetary value of the services [Vanterpool] provided." *Peppertree Terrace v. Williams*, 52 V.I. 225, 246 (V.I. 2009).

¶ 18.    Vanterpool and the Government have submitted seventeen unpaid invoices covering work on a variety of projects. Of the seventeen, eight contain confirming orders from the Commissioner of Education. The work detailed in these invoices is undisputed by the Government and clearly owed to Vanterpool. The Governor's failure to sign the invoices does not absolve the Government of an acknowledged debt. However, the remainder of the invoices do not appear to have been verified or confirmed by Government officials, so the Court can not be assured of their veracity. Nevertheless, the Government's failure, for over twenty years, to

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*
*G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Memorandum Opinion

Cite as 2020 VI Super 98U

even once dispute that the work was completed or that the invoices are incorrect, weighs heavily toward their veracity. As these motions have been concluded on the merits, the Court will afford the parties the opportunity to resolve the issue of damages at mediation. An order of even date follows.

Dated: November 24, 2020

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By:
Donna D. Donovan
Court Clerk Supervisor 11/25/2020

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
November 24, 2020
ST-2004-CV-00455
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

JOE HAROLD VANTERPOOL, D/B/A )
VANTERPOOL ENTERPRISES, )
           )
           )     CASE NO. ST-04-CV-455
         Plaintiff, )
           )
        v. )     ACTION FOR BREACH
           )     OF CONTRACT AND DEBT
GOVERNMENT OF THE VIRGIN ISLANDS )
through the DEPARTMENT OF PROPERTY & )
PROCUREMENT, DEPARMENT OF )
EDUCATION, DEPARTMENT OF HOUSING )
PARKS AND RECREATION, DEPARTMENT OF)
TOURISM, and THE OFFICE OF THE )
LIEUTENANT GOVERNOR OF THE VIRGIN )
ISLANDS, )
           )
           )     Cite as 2020 VI Super 98U
         Defendants. )
           )

## ORDER

**AND NOW**, for the reasons stated in the accompanying Memorandum Opinion, it

is hereby

**ORDERED** that Plaintiff's motion for summary judgment is **DENIED in part**; and it is

further

**ORDERED** that Defendants' cross motion for summary judgment is **GRANTED in**

**part**; and it is further

**ORDERED** that Plaintiff's motion for summary judgment is **GRANTED in part**; and it

is further

**ORDERED** that Defendants' cross motion for summary judgment is **DENIED in part**;

and it is further

*Joe Harold Vanterpool, d/b/a Vanterpool Enterprises v.*
    *G.V.I. through the Department of Property and Procurement, et al.*
Case No. ST-04-CV-455
Order

Cite as 2020 VI Super 98U

**ORDERED** that the parties are **REFERRED TO MEDIATION**; and it is further

**ORDERED** that this matter shall come on for a **post-mediation status conference** on

**Thursday, January 14, 2021, at 10:30 a.m. via Zoom**; and it is further

**ORDERED** that a copy of this Order shall be directed to David J. Cattie, Esquire,

Pamela Tepper, Esquire, and Ariel Smith, Esquire.

Dated: November 24, 2020

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor 11/25/2020

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands